[Cite as *Lightle v. Lightle*, 2012-Ohio-3284.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

HOLLY M. LIGHTLE            :

     Plaintiff-Appelee           :        C.A. CASE NO.    2012 CA 8

v.                                :        T.C. NO.    09DR121

BRADLEY A. LIGHTLE         :        (Civil appeal from Common
                                       Pleas Court, Domestic Relations)

     Defendant-Appellant      :

                                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    20th    day of     July    , 2012.

. . . . . . . . . .

TERRI L. PARMLEY, Atty. Reg. No. 0040653, 333 N. Limestone Street, Suite 205, Springfield, Ohio 45503
      Attorney for Plaintiff-Appellee

RONALD C. TOMPKINS, Atty. Reg. No. 0030007, 19 Pearce Place, Urbana, Ohio 43078
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Bradley Lightle appeals from a judgment of the Champaign County Court of Common Pleas, which granted his request to reduce his child support obligation,

but ordered that the reduction be retroactive to one of the hearing dates, rather than to the date on which his motion was filed. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} The Lightles have four minor children, and Holly Lightle is the residential parent. In January 2011, Ms. Lightle filed a motion for a modification of the parties' visitation arrangement; her motion sought to change the weekends during which Mr. Lightle had the children, without altering the amount of time he spent with the children. On March 7, 2011, Mr. Lightle filed a response and multi-branch motion, which sought, in part, to reduce his child support obligation. According to the trial court's judgment and other parts of the record, the court held a hearing on the issues presented in these motions on August 31, September 19, and October 7, 2011.

{¶ 3} On January 27, 2012, the trial court filed a Journal Entry which granted Mr. Lightle's motion to reduce his child support obligation and ordered that the reduction be effective September 19, 2011. It also granted Mrs. Lightle's motion for a modification of the parties' visitation arrangement.

{¶ 4} Mr. Lightle appeals, raising one assignment of error, which states:

**The trial court abused its discretion by setting the date for a modification of child support as September 19, 2011, the date upon which the hearing concluded, rather than the filing date of the motion for modification, of March 7, 2011, without making specific findings of fact as to why it would be inequitable to make the modification effective on the date of the motion filing.**

{¶ 5} Mr. Lightle claims that the trial court was required to make its modification of child support retroactive to the date of his motion, because it stated no reason for using a different date.

{¶ 6} As a preliminary matter, we note that Mr. Lightle's assignment of error states that the hearing on his motion for a reduction in child support concluded on September 19, 2011, but the trial court's judgment and the record indicate that the hearing continued on October 7, 2011. Neither party has filed a transcript of the proceedings and, as such, we cannot determine the nature of the hearing on October 7, except that it was a continuation of the prior hearing, which "could not be completed in the time allotted." Judgment Entry, Sept. 23, 2011. It is clear from the record, however, that the hearing with respect to all the issues pending before the court concluded on October 7.

{¶ 7} "'[T]he ability to order retroactive modification and a mandate to make such an order are not the same thing.'" *Goddard-Ebersole v. Ebersole*, 2d Dist. Montgomery No. 23493, 2009-Ohio-6581, ¶ 9, citing *Flauto v. Flauto*, 7th Dist. Mahoning No. 02-CA-12, 2002-Ohio-6430, ¶ 32. "[A] trial court may, but is not required to, make a modification of support retroactive to the date the motion was filed." *Wright v. Reck*, 2d Dist. Miami No. 2001-CA-30, 2001 WL 1346038, *2 (Nov. 2, 2001). *See also Hamilton v. Hamilton*, 107 Ohio App.3d 132, 667 N.E.2d 1256 (6th Dist.1995); *Smith v. Smith*, 2d Dist. Montgomery No. 17486, 1999 WL 317428, *2 (May 21, 1999).

{¶ 8} Whether to make a modification of support retroactive to the date of the motion is a question left to the sound discretion of the trial court. *Reck*; *Smith*. It will often be equitable to apply a modification retroactively to the date of the motion, due to the substantial amount of time that it frequently takes to dispose of motions to modify support

obligations; on the other hand, a substantial arrearage or overage created by a retroactive modification can create a hardship to one of the parties. *Ebersole*, citing *Murphy v. Murphy*, 13 Ohio App.3d 388, 389, 469 N.E.2d 564 (10th Dist.1984); *Smith* at *2; *Zamos v. Zamos*, 11th Dist. Portage No. 2002-P-85, 2004-Ohio-2310, ¶ 16-17. However, a trial court should generally provide some reason for the date that it uses, if that date is not the date of the motion. *See Ebersole* at ¶ 8, citing *State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 421, 591 N.E.2d 354 (9th Dist.1990) ("'[a]bsent some special circumstances, an order of a trial court modifying child support should be retroactive to the date such modification was first requested.'"); *In re P.J.H.,* 196 Ohio App.3d 122, 2011-Ohio-5970, 962 N.E.2d 389, ¶ 12 (2d Dist.)(concluding that making modification effective on arbitrary date other than motion date or date with any other significance to the litigation was "without any reasonable basis" and an abuse of discretion); *see, also, Davis v. Dawson*, 8th Dist. Cuyahoga No. 87670, 2006-Ohio-4260, ¶ 8; *Bishop v. Bishop*, 4th Dist. Scioto No. 03CA2908, 2004-Ohio-4643, ¶ 31.

{¶ 9} In this case, the trial court's decision with respect to the modification of child support stated:

> Both parties presented testimony as to their respective incomes and other child related expenses. [Mr. Lightle] testified that his salary had been reduced and that he no longer has any income from Lightle Engineering. He further testified that he did not believe he could go back to work full time, although his medical paperwork did not state that he could not work full time.
>
> The Court cannot calculate his income based on speculation. [Mr. Lightle]

testified that if he worked full time, his income would be $70,000 per year as opposed to $61,909 if he worked part time. At this time, the Court will use the $70,000 figure. If, in the future, [Mr. Lightle] does received medical authority to only work part time, he may request a reduction with Champaign County Child Support Enforcement Agency (C.S.E.A.) based upon his new income.

The court reduced Mr. Lightle's child support obligation, ordering him to pay $1,381.67 per month, effective September 19, 2011.[1] The court did not state any reason for using this date, although it was one of the hearing dates, and thus it was a "significant date in the litigation." *Goddard-Ebersole* at ¶ 10; *Murphy* at 389.

{¶ 10} As we discussed above, the trial court's judgment did not give a reason for making the modification of child support retroactive to one of the hearing dates, rather than to the date of Mr. Lightle's motion. But, as we have also discussed, the trial court was not required, as a matter of law, to make the modification retroactive to the date of the motion, as Mr. Lightle suggests.

{¶ 11} Mr. Lightle's motion did not specify how there had been a change of circumstances that required his income to be reduced; Mr. Lightle's motion asked the court to reduce his child support obligation "due to a change of circumstances in that [Mr. Lightle's] income is reduced and the reduction based upon actual circumstances would be substantial." The trial court's discussion of the evidence in its judgment indicates that Mr. Lightle claimed that his reduction in income was related, at least in part, to a medical

---

[1] The amount of Mr. Lightle's prior child support obligation is not apparent from the record before us.

condition, the nature and timing of which is unclear from the record before us. Moreover, Mr. Lightle's assignment of error suggests that September 19, 2011, was a significant date related to the discussion of child support, perhaps the last date that this particular issue was discussed, although we do not know this with certainty because we do not have the transcript. In other words, September 19 was not an arbitrary date, because it was a significant date in these proceedings.

{¶ 12} Although it would have been better had the trial court explicitly stated its reasons for using a hearing date as the effective date of the support modification, rather than the date of the motion, the trial court may well have had a reasonable basis to use that date. Moreover, the date on which a modification should become effective is not a question of law, as Mr. Lightle suggests, but a matter that is left to the trial court's discretion. Thus, even if there were a presumption that the date of the motion should be used (and we are not holding in this case that there is), the trial court would have to determine in each case whether this presumption had been overcome. A transcript of the proceedings would be essential to our review of this question, and no transcript was provided in this case. Under these circumstances, we cannot conclude that the trial court abused its discretion in making the modification of child support retroactive to one of the hearing dates rather than the date of the motion.

{¶ 13} The assignment of error is overruled.

{¶ 14} The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J., concurs.

GRADY, P.J., concurring:

{¶ 15}    Ordinarily, a court's judgment is effective on the date the judgment is journalized.  Because of the time it frequently takes to dispose of motions to modify prior orders for child support, courts typically order the modification retroactive to a prior date in order to achieve an equitable result.  *Quint v. Lomakoski*, 172 Ohio App.3d 146, 2007-Ohio-4722, 877 N.E.2d 738 (2d Dist.).  The retroactive date should have some significance in relation to the litigation, *Goddard-Ebersole v. Ebersole*, 2d Dist. Montgomery No. 23493, 2009-Ohio-6581, which implies a significance in relation to the grounds for the modification ordered.  *Bell v. Bell*, 2d. Dist Montgomery No. 23714, 2010-Ohio-5276, ¶ 23.   That is why courts typically choose as a retroactive date the date the motion to modify was filed, when the grounds on which the motion relies were then extant. However, and in any event, a court that elects to modify a support order retroactively should explain why it chose a particular retroactive date.

{¶ 16}    In the present case, the court ordered a modification of Appellant's child support obligation on January 27, 2012, retroactive to September 19, 2011.  That was the second of three dates on which the motion to modify was heard.  The motion was filed on March 7, 2011.  The court didn't explain why it chose the September 19, 2011 date, which has no apparent significance in relation to the grounds for the modification the court ordered.  The date has some procedural significance because a hearing was then held, but that fact presents no justification for a retroactive order.

{¶ 17}    Nevertheless, judgments of the trial court are entitled to a presumption of correctness, which is rebutted only by error demonstrated in the record.  Absent a transcript of the hearing on the motion, we cannot say why the court chose the September 19, 2011

date. The presumption of correctness is therefore not rebutted, requiring us to affirm the judgment of the trial court.

. . . . . . . . . .

Copies mailed to:

Terri L. Parmley
Ronald C. Tompkins
Hon. Brett A. Gilbert