[Cite as *Mattis v. Mattis*, 2016-Ohio-1084.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

George Mattis,                                    :

      Plaintiff-Appellee/              :
      [Cross-Appellant],

                                :                    No. 15AP-446

v.                                                                    (C.P.C. No. 07JU-10761)

                                :

Marisue Mattis,                                  (REGULAR CALENDAR)

                                :

      Defendant-Appellant/
      [Cross-Appellee].                :

---

D E C I S I O N

Rendered on March 17, 2016

---

**On brief:** *Robert C. Hetterscheidt,* for appellee/cross-appellant. **Argued:** *Robert C. Hetterscheidt*

**On brief:** *Grossman Law Offices, Andrew S. Grossman* and *John H. Cousins IV,* for appellant/cross-appellee. **Argued:** *Andrew S. Grossman*

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

HORTON, J.

{¶ 1} Defendant-appellant/cross-appellee, Marisue Mattis ("Mother"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which granted in part and overruled in part her objections to the magistrate's decision. Plaintiff-appellee/cross-appellant, George Mattis ("Father"), filed a cross-appeal. For the following reasons, we find that the trial court did not abuse its discretion and affirm the decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties lived in Maryland during their marriage, but each relocated to Franklin County, Ohio. The parties were divorced in the state of Maryland on April 26, 2005. The parties have two children, W.M. (d.o.b. 10-20-00) and J.M.

(d.o.b. 12-7-02). On July 18, 2007, Father filed a Registration of a Foreign Order in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, registering the parties' judgment of divorce and the agreement regarding the allocation of parental rights and responsibilities. The divorce decree reserved the issue of custody and provided that Father pay $1,726 per month in child support. The parties have engaged in almost constant litigation since then.

{¶ 3} On September 4, 2007, Father filed a motion to modify parental rights. The parties entered into an agreement regarding custody of the children and on November 3, 2009, the parties filed a joint shared parenting plan and decree. The new plan retained Mother as school placement parent and allotted additional parenting time to Father. The plan provided the parenting time schedule would remain in effect until January 2010, when the parties would review it for modification after remaining in joint counseling. (Agreed Shared Parenting Plan, 6.)

{¶ 4} Father again filed a motion to modify parental rights and responsibilities. He then dismissed the motion and refiled it on January 29, 2013. A magistrate conducted a hearing in November 2013. On March 31, 2014, Mother filed a motion to reopen proceedings asserting she had new information to present to the magistrate. On April 7, 2014, the magistrate filed a decision finding that the parties could not communicate and could not cooperate even in the most basic decisions involving their children even with the help and intervention of professionals. The magistrate set forth that the plan should continue with shared parenting, but designated Father as the residential parent for school purposes. The magistrate provided Father with the final decision-making authority regarding schooling, academic needs, medical care, and extracurricular activities. Mother received parenting time according to the guardian ad litem's recommendation, every Thursday after school through Friday morning, alternate weekends during the school year, and a recommendation that the parties alternate weeks during the summer. The magistrate terminated child support because Father is responsible for all expenses for the children, including school tuition and costs for extracurricular activities, and 80 percent of all uncovered medical expenses.

{¶ 5} Mother filed objections. On March 26, 2015, the trial court issued a decision finding that the magistrate properly examined the R.C. 3109.04(F) factors and adopted

the magistrate's decision regarding parental rights and responsibilities, but modified child support. The trial court concluded that the magistrate erred in failing to order child support. The trial court ordered Father to pay $350 per child per month in child support. Thus, the trial court sustained Mother's objection as to child support and overruled her other objections.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Mother filed a timely appeal and raised the following assignments of error for our review:

> [I.] THE TRIAL COURT ERRED IN SELECTING THE EFFECTIVE DATE FOR ITS CHILD-SUPPORT MODIFICATION.
>
> [II.] IN OVERRULING APPELLANT'S OBJECTION TO THE MAGISTRATE'S DECISION CONCERNING PARENTING TIME, THE TRIAL COURT FAILED TO CONDUCT AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION.

{¶ 7} Father filed a timely cross-appeal and raised the following assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION BY NAMING THE CROSS-APPELLANT THE OBLIGOR AND ORDERING HIM TO PAY $700.00 PER MONTH IN CHILD SUPPORT.

## III. DISCUSSION

### A. MOTHER'S SECOND ASSIGNMENT OF ERROR

{¶ 8} For ease of discussion, we will address Mother's assignments of error in reverse order. By her second assignment of error, Mother contends that in overruling her objection to the magistrate's decision concerning parenting time, the trial court failed to conduct an independent review of the magistrate's decision. Mother argues that the trial court applied the incorrect standard of review when ruling on her objections because the trial court stated that the magistrate did not abuse her discretion.

{¶ 9} Our standard of review is whether the trial court abused its discretion. *Baze-Sif v. Sif*, 10th Dist. No. 15AP-152, 2016-Ohio-29, ¶ 24. In *Baze-Sif*, we recognized that trial courts have broad discretion in deciding custody matters. *Id.*, citing *Davis v.*

*Flickinger*, 77 Ohio St.3d 415, 421 (1997). Appellate courts accord that discretion " 'the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.' " *Pater v. Pater*, 63 Ohio St.3d 393, 396 (1992), quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Appellate courts provide this deference because "the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis* at 418. Under the abuse of discretion standard applicable to appeals of custody matters, " '[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court.' " *Id.* at 419, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81 (1984). In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157 (1990). An unreasonable decision is one that has no sound reasoning process to support it.

{¶ 10} Civ.R. 53(D)(4)(d)[1] provides:

> **Action on objections**. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

{¶ 11} Thus, we examine whether the trial court abused its discretion by failing to provide an independent review of the matter. Mother argues that the trial court did not conduct an independent review of the best interest factors provided in R.C. 3109.04 because the trial court stated that the magistrate did not "abuse its discretion." A trial

---

[1] Juvenile Rules do not apply to matters that are proceedings related to divorce, annulment, or legal separation. Juv.R. 1(C)(3). Thus, we apply the civil rules in this case.

court abuses its discretion when it fails to conduct an independent review in accordance with Civ.R. 53. *Barrientos v. Barrientos*, 196 Ohio App.3d 570, 573 (2011), citing *Figel v. Figel*, 3d Dist. No. 10-08-14, 2009-Ohio-1659, ¶ 10. Although a trial court is required to independently review the record and make its own factual and legal findings, the trial court may rely on the magistrate's credibility determinations. *Gilleo v. Gilleo*, 3d Dist. No. 10-10-07, 2010-Ohio-5191, ¶ 47. An appellate court presumes that a trial court performed an independent analysis of a magistrate's decision. *Bedi-Hetlin v. Hetlin*, 3d Dist. No. 12-14-08, 2014-Ohio-4997, ¶ 59, citing *Gilleo* at ¶ 46, citing *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, ¶ 47, citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). Therefore, the party asserting error must "affirmatively demonstrate that the trial court failed to conduct an independent analysis." *Id.*

{¶ 12} Mother complains about three areas of the trial court's decision, the first of which occurs at page four, as follows:

> While a trial court's discretion in a custody modification proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04. In addition, the trial court's determination in a custody proceeding is, of course, subject to reversal upon a showing of an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.

(Footnotes omitted.) (Decision, 4.)

{¶ 13} This refers to the trial court's determination in a custody proceeding as subject to reversal upon a showing of an abuse of discretion, not the magistrate's determination. The trial court was not discussing the magistrate's discretion, but its own discretion. (Decision, 4.)

{¶ 14} The second complaint concerns the trial court's decision at page ten, as follows:

> In addition, a trial court's judgment in custody matters will not be reversed absent an abuse of discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."

(Decision, 10.)

{¶ 15} Again, the trial court is referring to its own discretion. "The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function. Therefore, 'a trial court may not "merely rubber-stamp" a magistrate's decision.' " *Pietrantano v. Pietrantano*, 12th Dist. No. CA2013-01-002, 2013-Ohio-4330, ¶ 13, quoting *McCarty v. Hayner*, 4th Dist. No. 08CA8, 2009-Ohio-4540, ¶ 17, quoting *Knauer v. Keener*, 143 Ohio App.3d 789 (2d Dist.2001), citing *Roach v. Roach*, 79 Ohio App.3d 194 (2d Dist.1992).

{¶ 16} Finally, Mother complains about the trial court's last paragraph regarding parenting time, as follows:

> This Court FINDS that the magistrate properly considered the totality of the factors and did not abuse her discretion. Therefore the *Magistrate's Decision* as it pertains to the allocation of parental rights and responsibilities, except child support, shall be APPROVED AND ADOPTED by this Court.

(Emphasis sic.) (Decision, 10.)

{¶ 17} Although the trial court does reference the magistrate's discretion in this paragraph, it is clear from the overall decision that the trial court applied an independent review. The trial court referenced the correct standard of review by stating it was required to undertake an independent review as to the objected matters. (Decision, 3.) The trial court thoroughly discussed the best interest factors provided in R.C. 3109.04(F) and did not merely reference the magistrate's decision. (Decision, 5-9.) The trial court referenced the transcript as justification for its decision. Moreover, the trial court stated it reviewed all the submitted evidence and "the entire file and the applicable law" in reaching its decision. (Decision, 9; 15.) Finally, the trial court modified the magistrate's decision in regards to child support. If the trial court had merely determined if the magistrate had abused her discretion, it would not have sustained in part Mother's objection and modified the decision accordingly. With a reading of the trial court's decision in its entire context, we conclude that the trial court did conduct an independent review and the trial court's semantic misstep in using "abuse of discretion" does not amount to prejudicial error. Mother's second assignment of error is overruled.

**B. MOTHER'S FIRST ASSIGNMENT OF ERROR**

{¶ 18} By her first assignment of error, Mother contends that the trial court erred in selecting the effective date for its child support modification. The trial court decision regarding the child support was effective retroactive to January 29, 2013, the date Father filed his motion to modify parental rights and responsibilities. Mother argues that the only change of circumstances, which could give rise to a modification of child support, occurred on April 7, 2014, the date of the magistrate's decision which granted Father more parenting time. By choosing the retroactive date, Mother argues that the trial court violated R.C. 3119.79(C) and abused its discretion.

{¶ 19} Appellate courts review child support issues using an abuse of discretion standard. *O'Brien v. O'Brien*, 10th Dist. No. 07AP-313, 2007-Ohio-5448, ¶ 10, citing *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). Moreover, it is well-established that a trial court has discretion to determine the effective date of an order to modify child support. *Id.*, citing *Cox v. Cox*, 10th Dist. No. 96APF07-889 (Apr. 8, 1997).

{¶ 20} R.C. 3119.79(C) governs changes in child support orders, as follows:

> If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.

{¶ 21} "[D]etermining whether to make a modification retroactive is a matter within the discretion of the domestic relations court and cannot be reversed unless the trial court abuses its discretion." *Hamilton v. Hamilton*, 107 Ohio App.3d 132, 139 (1995).

When a trial court exhibits an unreasonable, unconscionable or arbitrary attitude, it abuses its discretion. *Blakemore.*

{¶ 22} A trial court may order a child support modification effective from the date a party filed the motion for modification. *Murphy* at 389; *Kuntz v. Kuntz*, 10th Dist. No. 78AP-831 (July 5, 1979). Considering the amount of time it takes for the resolution of a motion for modification "[a]ny other holding could produce an inequitable result." *Id.* However, the decision whether to "make a modification of support retroactive to the date of the motion is a question left to the sound discretion of the court." *Lightle v. Lightle*, 2d Dist. No. 2012CA8, 2012-Ohio-3284, ¶ 8. If a trial court uses a date other than the filing date of the motion, it should generally provide reasoning for the date it uses. *Id.*

{¶ 23} In *Kuntz*, the trial court ordered a decrease in the support obligation that was effective retroactively, but to a date other than the date the motion was filed. We found that "[i]f the effective date of the order modifying support payments is not deemed effective on the date the motion requesting such modification is filed, defendant is penalized for the time required to have his motion heard and determined by the trial court." *Id.* This court modified the effective date to the date the motion to modify was filed.

{¶ 24} In this case, the trial court ordered the decrease in support effective from the date Father filed his motion. Mother argues that this is an abuse of discretion because the change in circumstances, i.e. the change in time the children spent with each parent, occurred at the time of the magistrate's decision, and therefore, the trial court could not order the child support decrease retroactive to the date Father filed the motion.

{¶ 25} In order to modify a prior child support order, the court must first determine whether a substantial change of circumstances exists at the time of the hearing from the circumstances that existed at the time of the prior child support order. R.C. 3119.79(C); *Bates v. Bates*, 10th Dist. No. 04AP-137, 2005-Ohio-3374, ¶ 17. The trial court found that many changes in circumstances had occurred warranting a review of the parenting orders. A significant change was the fact that these parties could not communicate and could not agree on decisions for these children, even with counseling help. Moreover, the parties' conflict had negatively affected the children and the children had expressed their desire for the conflict and litigation to end. The change in

circumstances warranted the trial court to examine the R.C. 3109.23 factors and determine that shared parenting should continue, but named Father the residential parent with decision-making power. The trial court also ordered Father to pay all expenses of the children and 80 percent of uncovered medical expenses.

{¶ 26} Given the change in circumstances in the failure to communicate, make decisions and cooperate with each other, and the reallocation of parenting time and expenses, the trial court found a modification of child support warranted. The change in circumstances was not the change in parenting time at the time of the magistrate's decision. The change in circumstances had occurred before Father filed his motion to modify parental rights and responsibilities and became the basis of Father's motion to modify parental rights and responsibilities. The change of circumstances occurred between the prior order and the filing of Father's motion, and thus, the change in circumstances was not the change of parenting time in the magistrate's decision. Thus, we find the trial court did not abuse its discretion in using the date that Father filed his motion for modification. Mother's first assignment of error is overruled.

## C. FATHER'S CROSS-ASSIGNMENT OF ERROR

{¶ 27} By Father's cross-assignment of error, he contends that the trial court abused its discretion by establishing him as the obligor and ordering him to pay $700 per month in child support. As previously stated, a trial court has considerable discretion in the calculation of child support and absent an abuse of discretion, an appellate court will not disturb the order. *O'Brien*. At the time a trial court orders child support, it must complete a child support guideline computation worksheet and make it part of the record. *Marker v. Grimm*, 65 Ohio St.3d 139 (1992), paragraph one of the syllabus.

{¶ 28} Mother testified at the hearing that she made $31,000 per year. (Tr. 13.) Father testified that he makes a base salary of approximately $85,000 per year with quarterly bonuses. (Tr. 98.) His annual income in 2012 was $120,000 and in 2013 was approximately $150,000 with his bonuses. (Plaintiff's ex. No. 4.) Father testified that his current wife's income is "probably over $100,000." (Tr. 113-14.)

{¶ 29} The trial court prepared separate guideline worksheets that reflected the support obligation with each parent as obligor and separate worksheets with and without extrapolation (four worksheets total). The trial court specifically considered the deviation

factors provided in R.C. 3119.23. After consideration of the deviation factors, the trial court determined that Father should be the obligor.

{¶ 30} Specifically, the trial court relied on the Father's increased parenting time, the disparity of income between the parties, that Father is responsible for all the children's expenses, and 80 percent of their uncovered medical expenses. The trial court stated that it considered designating Mother as the child support obligor but due to these factors, designated Father as the child support obligor. The trial court found that the parent designated as the child support obligor is not entitled to an automatic credit for the time that the children reside with that parent in the support order.

{¶ 31} This court examined the argument regarding an automatic credit for the time the children spend with the obligor parent in *Havens v. Havens*, 10th Dist. No. 12AP-1051, 2013-Ohio-3166, ¶ 9-10, as follows:

> In *Pauly v. Pauly*, 80 Ohio St.3d 386, 1997 Ohio 105, 686 N.E.2d 1108 (1997), the Supreme Court of Ohio addressed whether a previous iteration of R.C. 3119.24(A)mandated an automatic decrease in child support for any time a parent might spend with a child beyond the shared parenting plan schedule. The court found that the relevant statute did not extend any automatic reductions; instead, the statute invested the trial court with the discretion to deviate downward from the guideline child support if the circumstances, including extended parenting time, justified such a deviation. *Id.* at 389-90.
>
> The statutory language now found in R.C. 3119.24(A) has changed since the Supreme Court examined it in *Pauly*. However, those changes are not substantive. R.C. 3119.24(A) still leaves a reduction based on parenting time to the trial court's discretion; it provides no automatic reductions. *Keith v. Keith*, 12th Dist. No. CA2010-12-335, 2011-Ohio-6532, ¶ 18 (recognizing that while a trial court may deviate from the guideline child support amount, no one is automatically entitled to a downward deviation merely because a factor is present); *Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701, ¶ 27 (holding that no automatic credit in a child support order is warranted, but rather, the trial court should balance all statutory factors when a shared parenting plan is involved).

*See also McNabb v. McNabb*, 12th Dist. No. CA2012-06-056, 2013-Ohio-2158 (Nothing in R.C. 3119.24 prohibits a domestic relations court from using the offset method as a guide to determine the appropriate deviation.) Thus, Father is not entitled to an automatic credit or reduction in the child support, however, the time the children spend with him was an extraordinary factor that the trial court considered.

{¶ 32} Appellant also argues that the only evidence regarding the parties' incomes was their individual testimony. However, Father's 2012 tax return and paystubs from 2013 are part of the record. Father also argues that there was no evidence regarding his average bonuses over the past three years. R.C. 3119.05 does not require the trial court to use a three-year average of bonuses, but permits the trial court to use the total bonuses received during the year immediately prior to the time it is computing the child support. The trial court computed the child support in 2015, but used the latest evidence presented from 2013. The evidence was Father's pay stubs and his testimony. Even though neither party submitted proposed child support guideline worksheets to the court, the trial court was able to complete the child support guideline worksheet based on the evidence presented. The trial court stated that "after a careful review of the evidence and the factors for deviation from the Ohio Child Support Guidelines" it computed the child support obligation. (Decision, 15.)

{¶ 33} The trial court complied with R.C. 3119.04 in computing the child support obligation where the parties' combined income was greater than $150,000. There is competent, credible evidence in the record supporting the trial court and we find no abuse of discretion. Father's cross-assignment of error is overruled.

## IV. CONCLUSION

{¶ 34} Accordingly, after reviewing all the material in the trial court record, we conclude that the trial court's judgment is not unreasonable, arbitrary, or unconscionable. Accordingly, we overrule Mother's two assignments of error and Father's cross-assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

————————————————