[Cite as *Smith v. Smith*, 2016-Ohio-8164.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Craig Smith, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-131 |
| v. | : | (C.P.C. No. 04DR-1128) |
| Olga Smith, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 15, 2016

**On brief:** *Olga Smith*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Defendant-appellant, Olga Smith, pro se ("appellant"), appeals from a February 19, 2016 judgment and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying and dismissing appellant's objections to the magistrate's decision of February 4, 2015. Plaintiff-appellee, Craig Smith ("appellee"), did not file an appellee's brief. Because the trial court did not abuse its discretion and there was no plain error, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The magistrate's decision of February 4, 2015 at 1-3, sets out the factual and procedural history as relevant to appellant's assignments of error:

> Craig Smith (hereafter referred to as 'Plaintiff' or 'Father') and Olga Smith (hereafter referred to as 'Defendant' or 'Mother') were married on **October 10, 1999**. They had one child named **Nikolai DOB 4-21-01**. They were divorced on **June 21, 2006**. Prior to the final divorce hearing, the parties

filed an Agreed Shared Parenting Plan for Nikolai designating the Mother as residential parent for school purposes and providing parenting time for the Father pursuant to Franklin County Local Rule 27.

The parties have been involved in multiple bouts of litigation since the time of their divorce involving custody and child support.

This round of litigation began on April 3, 2013 with a Motion filed by the Father for Ex-Parte Emergency Custody of Nikolai. Judge Browne immediately appointed a Guardian ad Litem for Nikolai and thereafter interviewed him in chambers. She granted the Father's Motion and designated him as the sole legal custodian and residential parent for Nikolai on April 15, 2013.

On January 28, 2014, the undersigned Magistrate signed an Order for both parties and the child to submit to psychological examinations with Dr. John A. Tarpey.

On February 12, 2014, Judge Browne signed an Order of Reference transferring the review of the Ex Parte Order to the Magistrate.

On March 4, 2014, the parties entered into an Interim Order dismissing the Ex Parte Order and designating the Father as the temporary residential parent for school placement purposes and providing for Defendant to have parenting time in accordance with Local Rule 27. Plaintiff's child support obligation was suspended and escrowed amounts released to him.

* * *

The trial proceeded from September 23 through September 26, 2014. Both parties testified and were cross-examined. Dr. Tarp[e]y testified and his report was admitted into evidence as **Court Exhibit I**. The Guardian ad Litem testified and his report was admitted into evidence as **Court Exhibit II**. He was also subject to cross-examination by both parties' counsel. Finally, the Court did conduct an interview of the minor child pursuant to Plaintiff s Motion.

(Emphasis sic.)

{¶ 3} On February 4, 2015, the magistrate issued a decision with findings of fact and conclusions of law, wherein the magistrate ordered, in relevant part:

(1) The parties' Shared Parenting Plan is terminated and Plaintiff, Craig Smith is designated as sole custodial and residential parent for the minor child, Nikolai Smith, DOB: 4-21-01;

* * *

(3) Defendant's child support obligation is as follows: (1) 4-10-13 — 3-31-14 $189.94 per month as Nikolai was insured during that period on his Father's health insurance; (2 ) 4-1-14 — 2-3-15 $449.23 per month as Nikolai was insured during that period on his Father's health insurance; (3) $371.55 per month prospectively effective February 4, 2015 with Mother carrying health, vision and dental insurance on Nikolai's behalf.

(4) The Mother will maintain health, vision and dental insurance on behalf of Nikolai. The Plaintiff will pay 60% and the Mother 40% of the cost of unpaid and out-of-pocket medical expenses incurred on Nikolai's behalf;

(5) Plaintiff will be entitled to claim Nikolai for all federal, state and local tax purposes as long as Defendant owes any child support or medical expense arrearages[.]

(Mag.'s Decision at 12-13.)

{¶ 4} On February 4, 2015, the trial court filed a judgment entry wherein it adopted the magistrate's decision and approved the same, unless specifically modified or vacated. On February 17, 2015, appellant filed 14 objections to the magistrate's decision of February 4, 2015. Appellee Craig Smith's objections were also filed February 17, 2015, but later withdrawn on February 25, 2015. On February 19, 2016, the trial court filed a judgment entry, which held that:

Based upon the applicable statutes and case law, a thorough review of the case file, and all of the evidence presented in the instant case, the Court has duly considered each and every one of the objections filed by Defendant and hereby DENIES and DISMISSES them all.

## II. ASSIGNMENTS OF ERROR

{¶ 5}   Appellant appeals, assigning the following as error:

I. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT['S] OBJECTION TO THE [MAGISTRATE'S DECISION] REGARDING CALCULATION OF THE CHILD SUPPORT ORDER.

II. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT['S] OBJECTION TO THE [MAGISTRATE'S DECISION] THAT DEFENDANT MUST PROVIDE THE INSURANCE TO THE MINOR CHILD.

III. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT['S] OBJECTION TO THE [MAGISTRATE'S DECISION] THAT DEFENDANT FAILED TO CONTRIBUTE HER PORTION OF MEDICAL [EXPENSES].

IV. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT['S] OBJECTION TO THE [MAGISTRATE'S DECISION] THAT NEITHER PARTY IS LIKELY TO ENCOURAGE NICK'S LOVE, AFFECTION AND CONTACT WITH THE OTHER PARENT.

V. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT['S] OBJECTION TO THE [MAGISTRATE'S DECISION] REGARDING GRANTING PLAINTIFF-APPELLEE CHILD TAX DEDUCTIONS FOR EACH YEAR.

VI. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT['S] OBJECTION TO THE [MAGISTRATE'S DECISION] TO ISSUE SOLE CUSTODY TO PLAINTIFF-APPELLEE BASED ON DR. TARP[EY'S] FINDINGS AND TESTIMONY, BECAUSE DR. TARPEY FAILED TO COMPLETE HIS EVALUATION IN ACCORDANCE WITH [SCIENTIFIC] REQUIREMENTS AND AS BEING PREJUDICE TOWARDS DEFENDANT-APPELLANT.

## III. STANDARD OF REVIEW

{¶ 6}   Civ.R. 53 places upon the trial court the ultimate authority and responsibility over the magistrate's findings and rulings. The court must undertake an

independent review of the magistrate's report to determine any errors. *Hartt v. Munobe*, 67 Ohio St.3d 3, 5 (1993); *In re J.P.*, 10th Dist. No. 16AP-61, 2016-Ohio-7574, ¶ 13. Civ.R. 53(E)(3)(b) contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review. *Knauer v. Keener*, 143 Ohio App.3d 789, 793-94 (2d Dist.2001).

{¶ 7}   We first note that, generally, the judgments of domestic relations courts are upheld absent a finding that the court abused its discretion. *Patel v. Patel*, 10th Dist. No. 13AP-976, 2014-Ohio-2150, ¶ 14. This court reviews the trial court in matters of contempt and child support using an abuse of discretion standard. *Rife v. Rife*, 10th Dist. No. 11AP-427, 2012-Ohio-949, ¶ 9; *Wehrle v. Wehrle*, 10th Dist. No. 12AP-386, 2013-Ohio-81, ¶ 8.

{¶ 8}   In *Mattis v. Mattis*, 10th Dist. No. 15AP-446, 2016-Ohio-1084, ¶ 9, we noted in relation to custody matters that:

> Our standard of review is whether the trial court abused its discretion. *Baze-Sif v. Sif*, 10th Dist. No. 15AP-152, 2016-Ohio-29, ¶ 24. In *Baze-Sif*, we recognized that trial courts have broad discretion in deciding custody matters. * * * Appellate courts accord that discretion " 'the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.' " * * * Appellate courts provide this deference because "the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." * * * In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140 (1983). * * * An unreasonable decision is one that has no sound reasoning process to support it.

## IV. ASSIGNMENTS OF ERROR TWO, FIVE, AND SIX—NO PLAIN ERROR

{¶ 9}   Civ.R. 53 deals with the authority and the rules relating to the proceedings of matters referred to magistrates.  Civ.R.  53(D)(3)(b)(iv) states:

> *Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b).

(Emphasis sic.)

{¶ 10} Appellant failed to object to the magistrate's relevant findings of fact and conclusions of law regarding assignments of error two, five, and six, i.e., regarding insurance for the minor child, tax deductions, and custody.  As such, we will review these assignments of error based on the plain error standard.  We note that "[i]n applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a  material  adverse  effect on  the  character  of,  and  public  confidence  in,  judicial  proceedings."  *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).

 A.  *Assignment of Error Two – Health Insurance*

{¶ 11} The magistrate ordered that "[t]he Mother will maintain health, vision and dental insurance on behalf of Nikolai." (Mag.'s Decision at 12.)  In assignment of error two, appellant alleges that she no longer has access to employer-offered health insurance, and that appellee has access to employer-offered health insurance that he could provide.

{¶ 12} Appellant is claiming a change in circumstance that has occurred after the hearing and the presentation of evidence.  However, our role is to review the decision of the trial court from which appellant appealed, i.e., the judgment entry of February 19, 2016, based on the evidence that was in the record before the magistrate at the time of the hearing and decision.  Our review shows that, at the time of the hearing, appellant carried medical and dental insurance for the minor child. (Sept. 23, 2014 Tr. Vol. I at 94-95.)  At the  hearing,  the  parties  stipulated  that  appellant  would  maintain  health,  vision,  and

dental insurance for the minor child. (Sept. 23, 2014 Tr. Vol. II at 261.) As such, we find no plain error in the magistrate incorporating this stipulation into the magistrate's decision.

B.  *Assignment of Error Five – Claiming Minor Child for Tax Purposes*

{¶ 13} The magistrate ordered that appellee "will be entitled to claim Nikolai for all federal, state and local tax purposes as long as Defendant owes any child support or medical expense arrearages." (Mag.'s Decision at 13.)   In assignment of error five, appellant argues that if she was given the tax credit, she would purchase supplemental insurance that would benefit the minor child.

{¶ 14} Our review shows that the magistrate decided appellee should have the tax deduction because appellee had sole custody of the minor son, and appellant was in arrears in child support payments and in contempt for failing to pay her share of the minor child's medical expenses.  We find no plain error in the magistrate's decision to allow appellee to "claim" the minor child for tax purposes.

C.  *Assignment of Error Six – Custody*

{¶ 15} The magistrate found that "Shared Parenting is not in Nikolai's best interests" and that "[t]he Father wants the Shared Parenting Plan to be terminated." (Mag.'s Decision at 5-6.)  In addition, "the Court in this case specifically finds that it is in Nikolai's best interests to reside primarily with his father."  (Mag.'s Decision at 10.)  The magistrate ordered that appellee "is designated as sole custodial and residential parent for the minor child, Nikolai Smith, DOB: 4-21-01." (Mag.'s Decision at 12.)   In granting custody to appellee, appellant argues that the court relied only on the unreliable testimony of the court appointed psychologist, Dr. John A. Tarpey, who appellant argues bases his opinions only on his self-administered tests which were biased due to flawed methodology.

{¶ 16} While appellant did not file an objection to the magistrate awarding custody of the minor child to appellee, she did object to the magistrate finding that appellee "wants the Shared Parenting to be terminated." (Def.'s Obj. No. 7 to the Mag.'s Decision at 5.)  Appellant argues that appellee never asked or wanted full custody and he was granted custody solely on the court's own initiative. *Id.*  The trial court denied and dismissed this objection noting that appellee filed a motion for ex parte emergency custody of Nikolai on

April 3, 2013 and subsequently accepted the court's decision to grant him sole custody. In addition, our review shows that appellee testified that "I am asking for sole custody." (Tr. Vol. II at 287.) Despite appellant objecting to the magistrate's finding that appellee wanted shared parenting to be terminated, she never objected to the awarding of sole custody to appellee.

{¶ 17} Our review shows overwhelming evidence to support the magistrate's granting of custody to appellee. Dr. Tarpey stated in his report of July 16, 2014, that appellant's personal psychological difficulties likely impacted Nikolai in a significantly negative fashion. (Hearing Ex. I at 13.) Dr. Tarpey testified that appellee should be the school placement parent and have sole custody. (Tr. Vol. I at 132.) Dr. Tarpey's report also states that appellant has "ongoing problems in psychological adjustment which relate to significant levels of emotional disturbance and distress that may compromise Ms. Smith's ability to adequately place the needs of her son before her own." (Hearing Ex. I at 13.) The Guardian ad Litem ("GAL") Attorney Brian Burrier, who has worked with the parties for over ten years, stated in his report and recommendation filed August 21, 2015, that "Nick has been consistent with me that he wants to remain in Cincinnati and attend school there" with appellee, and that he wants "limited" time with appellant. (Hearing Ex. II at 3-4.) The GAL recommended that the shared parenting plan be terminated and that appellee be designated as the sole custodial and residential parent for Nikolai. (Hearing Ex. II at 7.)

{¶ 18} The evidence showed that the magistrate was correct in finding that "there was an abundance of testimony offered at trial and present in the reports and records that Defendant engaged in behavior that amounted to at least emotional abuse of Nikolai." (Mag.'s Decision at 5.) Finally, the magistrate found that "[t]he best and most equitable result has been effectuated for Nikolai. He is now in a secure environment and being well cared for by his father. He has flourished socially, academically and emotionally." (Mag.'s Decision at 11.) As such, we find no plain error.

{¶ 19} As appellant did not timely file objections to the magistrate's decision raising the arguments presented in assignments of error two, five, and six, and the case did not present exceptional circumstances that rose to the level of plain error, assignments of error two, five, and six are overruled.

## V. ASSIGNMENT OF ERROR ONE–CHILD SUPPORT–NO ABUSE OF DISCRETION

{¶ 20} The Magistrate found that "[i]n accordance with the exhibits presented by Plaintiff, Defendant's child support obligation is to be calculated as follows: **(1) $189.94 per month commencing April 10, 2013 through March 31, 2014; (2) $449.23 per month from April 1, 2014 through the date this Decision is processed; (3) $371.55 per month from the date this Decision is processed forward.**" (Emphasis sic.) (Mag.'s Decision at 10-11.)

{¶ 21} Appellant filed objections with the trial court and alleged that after the trial was concluded, she lost her job and became involuntarily unemployed. She claims that she lost her income of $53,000 annually and her employer-provided health insurance for the minor child. The trial court found that the magistrate properly calculated appellant's child support obligation *based on the evidence presented at the trial,* and denied and dismissed the objection. (Jgmt. Entry at 6.)

{¶ 22} Appellant makes the same argument as above in assignment of error one. Our review shows that appellant did not provide sufficient evidence at the hearing to dispute the magistrate's calculation of child support. A trial court generally has considerable discretion in the calculation of child support. Absent an abuse of discretion, an appellate court will not disturb a child support order. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). We find that the trial court did not abuse its discretion. Appellant's assignment of error one is overruled.

## VI. ASSIGNMENT OF ERROR THREE–MEDICAL EXPENSES–NO ABUSE OF DISCRETION

{¶ 23} The magistrate found that appellant "has failed to contribute her portion to the medical expenses on behalf of Nikolai." (Mag.'s Decision at 8.) The magistrate stated that "[p]laintiff presented evidence in **Exhibits '8' and '9'** of out of pocket medical expenses he has incurred on Nikolai's behalf. He further offered testimony that Defendant has received reimbursements on some of these expenses that were submitted through her insurance. In total, Ms. Smith owes Mr. Smith a total of out-of-pocket medical expenses and reimbursements on Nikolai's behalf in the amount of **$1,787.58**. She is accordingly

in contempt of this Court's orders. There was insufficient evidence to constitute a defense to the contempt." (Emphasis sic.) (Mag.'s Decision at 10.)

{¶ 24} In regards to assignment of error three, appellant argues that she has not failed to contribute her portion to the medical expenses on behalf of Nikolai. She argues that appellee has not provided sufficient information to support those expenses. The trial court found that appellee had presented exhibits and testimony to support his claim and that appellant did not produce other evidence that would constitute a defense. As such, the trial court denied and dismissed the objection. (Jgmt. Entry at 6.)

{¶ 25} Our review shows that appellee presented competent, credible evidence of the amount he paid in out-of-pocket expenses for medical bills on behalf of the minor child. It is undisputed that appellant had not contributed to the payment of any of these bills. (Tr. Vol. I at 92.) We find that the trial court did not abuse its discretion. Appellant's assignment of error three is overruled.

## VII. ASSIGNMENT OF ERROR FOUR—ENCOURAGE CHILD'S RELATIONSHIP WITH OTHER PARENT

{¶ 26} The magistrate found that "[t]he parents are unable to sustain any level of effective communication. Neither is likely able to encourage Nikolai's 'love, affection and contact' with the other parent." (Mag.'s Decision at 5.)

{¶ 27} In assignment of error four, appellant argues that, based on the testimony at the hearing, compared to appellee, she is more likely to encourage the minor child's love, affection, and contact with the other parent. The trial court strongly rejected this objection stating that:

> This Judge has been refereeing custody fights involving *highly contentious* allegations between these parties since its inception in April of 2004 - for more than a *decade*. The parties have filed roughly 39 motions in this matter since the date it was decreed on June 21, 2006. This Court has conducted an embarrassing number of *in camera* interviews of this child at the parties' demands. There is no doubt in this Court's mind that neither party is willing nor able to encourage Nikolai's love, affection and/or contact with the other parent. The Court finds [that it] borders on ridiculous to allege otherwise. This objection is hereby DENIED and DISMISSED.

(Emphasis sic.)(Jgmt. Entry at 4.)

{¶ 28} Our review of the record indicates that the parties have been unable to sustain effective communication. Nor have the parties attempted to encourage the minor child's love, affection, and contact with the other parent.  We find that the trial court did not abuse its discretion in denying and dismissing this objection.  Appellant's assignment of error four is overruled.

## VIII. DISPOSITION

{¶ 29} Having overruled appellant's six assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

———————————————