OPINION
{¶ 1} Plaintiff-appellant/cross-appellee, Nelson Yates ("Husband"), appeals the decision of the Preble County Court of Common Pleas, Domestic Relations Division. Defendant-appellee/cross-appellant, Bonnie Yates ("Wife"), raises her own cross-appeal to the same decision.
 {¶ 2} The parties were married on June 20, 1970. On August 30, 2001, husband filed a complaint for divorce. A magistrate conducted evidentiary hearings on December 23, 2002, March 3, 2003, and April 7 and 8, 2003. On December 10, 2003, the magistrate issued a report and recommendation.
 {¶ 3} The magistrate's report and recommendation included, among other things, information concerning the division of marital property and an award of temporary spousal support for the wife until her retirement. Both parties filed timely objections to the magistrate's report. On June 21, 2004, the trial court denied the objections to the magistrate's decision. The trial court fully adopted the report and recommendation and entered it as a permanent order of the court. The husband appeals this decision raising three assignments of error. The wife, in her cross-appeal, raises two cross-assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ABUSED IT'S [sic] DISCRETION BY FAILING TO CONSIDER ALL OF APPELLEE'S ASSETS IN REGARD TO THE PROPERTY DISTRIBUTION AND TEMPORARY SPOUSAL SUPORT AWARDS WITHOUT REGARD TO THE STATUTORY FACTORS SET FORTH IN R.C. 3105.171 AND R.C. 3105.18."
 {¶ 6} In his first assignment of error, the husband argues that the trial court erred when it ordered the property distribution and temporary spousal support without considering all of the wife's assets, specifically, the value of health care benefits and unused sick leave benefits.
 {¶ 7} R.C. 3105.171(A)(3)(b) provides that marital property and separate property are mutually exclusive. The trial court divides marital property between spouses, but separate property is distributed solely to the spouse to whom the separate property belongs. R.C. 3105.171(C)(1) and (D). The assets and liabilities of the spouses comprise one of the factors a court shall consider in determining whether to make, and in what amount, any distributive award. R.C. 3105.171(F)(2).
 {¶ 8} R.C. 3105.171(A)(3)(a)(ii) defines marital property, in pertinent part, to include:
 {¶ 9} "All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage."
 {¶ 10} R.C. 3105.171(A)(6)(a)(iv) defines separate property, in pertinent part, to include:
 {¶ 11} "Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under 3105.17 of the Revised Code."
 {¶ 12} A trial court's classification of property as either marital or separate is a factual issue and such finding will not be reversed if it is supported by some competent, credible evidence. Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159. This standard of review is highly deferential, and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. Id.
 {¶ 13} With respect to spousal support, R.C. 3105.18(C)(1) lists 14 factors that a trial court must consider in determining whether spousal support is appropriate and reasonable, including "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." R.C.3105.18(C)(1)(a).
 {¶ 14} A trial court has broad discretion in determining spousal support, and on appeal, a reviewing court is limited to determining whether the trial court abused its discretion in its order. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. An "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id. at 219.
 {¶ 15} In the present case, the husband argues that the trial court erred when it did not specify whether the wife's health care benefits provided through the State Teachers Retirement System ("STRS") were considered in the court's property distribution and temporary spousal support award. Mr. David Kelley, a pension evaluator, estimated the present value of the health care benefit at $76,099.66, using the assumption that the wife would retire on July 1, 2003.[1]
 {¶ 16} We find that the court did not err when it did not consider the wife's health care benefits as a marital asset subject to valuation and division. The nature of health care benefits provided by the pension plan is of such nature that the benefits are not guaranteed. In fact, in pension plans such as these, benefits have decreased while the employee's involvement has increased. Such trend leads to the likelihood of a nonexistence of benefits and thus, they are not considered marital property subject to division and distribution. SeeWenger v. Wenger, Wayne App. No. 02CA0065, 2003-Ohio-5790.
 {¶ 17} However, the court erred when it failed to consider whether or to what extent the wife's unused sick leave affects the property division and award of temporary spousal support. Sick leave benefits are marital assets and subject to division and distribution. Herrmann v. Herrmann (Nov. 6, 2000), Butler App. Nos. CA99-01-006, CA99-01-011. See, also, Pearson v.Pearson (May 20, 1997), Franklin App. No. 96APF08-1100, citingHolcomb v. Holcomb (1989), 44 Ohio St.3d 128, 132, (sick leave compared to deferred bonus payments or pension plan accumulations). Unlike the speculative health benefits provided by STRS, the sick leave benefits are accumulated by the employee during employment in exchange for past services rendered. The unused sick leave benefits "are essentially deferred compensation earned during working years." Herrmann, supra.
 {¶ 18} The husband presented evidence that the wife had accumulated 190½ days of unused sick leave as of May 31, 2002. The sick leave benefit, specifically any amount of compensation to which she is contractually entitled to receive upon retirement, belongs to the marital estate. The court erred when it did not mention this benefit, its value, or its subsequent disposition.
 {¶ 19} The court, however, did not abuse its discretion when it awarded temporary spousal support to the wife. The court provided a detailed explanation of the temporary spousal support award which included discussion concerning both parties' annual salaries, monthly post-retirement benefits, current standard of living, and expected expenses. The court explained that temporary spousal support for the wife until she retires is equitable because the $325 monthly payment equalizes the parties' incomes. The court declined to award the wife a $1,200 monthly payment after she retires because the parties requested a property division, specifically that husband and wife were entitled to retain their separate retirement plans, that led to a disparity of assets in the wife's favor.
 {¶ 20} Despite the court's failure to address whether or to what extent the unused sick leave benefits might affect the property division, we cannot say that the court's attitude was unreasonable, arbitrary, or unconscionable when it awarded temporary spousal support. The temporary spousal support was limited to the period before the wife retires in an effort to balance the parties' incomes. Any benefit derived from the unused sick leave post-retirement was already addressed by the court's decision not to award additional support.
 {¶ 21} Accordingly, the first assignment of error is overruled with respect to the health benefits, but sustained with respect to the unused sick leave benefits. We remand the cause to the trial court to determine what portion, if any, of the accumulated sick leave benefits is marital property. The trial court shall also consider whether and, if necessary, how any marital portion is to be divided. We further overrule the assignment of error with respect to the award of temporary spousal support.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "THE TRIAL COURT ERRED IN CHOOSING A DATE OTHER THAN THE DATE OF FINAL HEARING OR THE DATE OF SEPARATION FOR PURPOSES OF EVALUATING THE VALUE OF MARITAL ASSETS."
 {¶ 24} The husband argues in his second assignment of error that the trial court erred when it selected October 7, 2002 as the date of separation for purposes of the valuation of marital assets. At oral arguments before this court on October 3, 2005, the husband's counsel indicated the desire to withdraw this particular assignment of error. Consequently, we will neither address nor consider arguments pertaining to this issue.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ORDER THE APPELLANT TO PAY `TEMPORARY' SPOUSAL SUPPORT UNTIL THE APPELLEE RETIRES WITHOUT ORDERING A `DATE CERTAIN' FOR THE TERMINATION OF THE AWARD."
 {¶ 27} In his third assignment of error, the husband argues that the trial court erred when it ordered him to pay the wife temporary spousal support in the sum of $325 per month beginning October 10, 2001 until she retires. The husband argues that state law favors a definite termination date for temporary spousal support.
 {¶ 28} An award of spousal support should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities. See Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64. However, there are exceptions to the termination of support including cases involving "a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting." Id. at paragraph one of the syllabus.
 {¶ 29} Courts are provided with broad discretion in determining the equity of whether spousal support is necessary and the nature, amount, and manner of support payments. Wolfe v.Wolfe (1976), 46 Ohio St.2d 399, 414. Such discretion is not unlimited, however, and a reviewing court, considering the totality of the circumstances, may reverse the trial court's decision if the trial court's attitude was unreasonable, arbitrary or unconscionable. Kunkle at 67.
 {¶ 30} In this case, the trial court awarded temporary spousal support without specifying a "date certain" for the termination of the support. The court ordered the husband to pay support in the amount of $325 per month until the wife retires. As discussed previously, the court awarded the temporary spousal support after recognizing the disparity in current incomes. The court also acknowledged that the husband had no major expenses with respect to housing or transportation.
 {¶ 31} We find the court did not abuse its discretion when it did not provide a definite termination date for the spousal support. The court stated that the parties were married in excess of 30 years. This period falls within the "marriage of long duration" exception. The temporary award was meant to equalize the parties' incomes before retirement. The court's attitude was not unreasonable, arbitrary, or unconscionable in awarding temporary support. Accordingly, the third assignment of error is overruled.
 {¶ 32} Cross-assignment of Error No. 1:
 {¶ 33} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLEE WHEN IT ACCEPTED AND RELIED ON APPELLANT'S NOVEMBER 11, 2002 PENSION VALUATION."
 {¶ 34} In her first cross-assignment of error, the wife argues that the trial court abused its discretion when it accepted the pension valuation offered by David Kelly. She contends that the valuation includes years of service outside of the dates of the parties' marriage rendering the valuation inaccurate. She also argues that the valuation is incomplete because it did not contain data regarding the number of years in the plan while married or a coverture fraction to represent these years.
 {¶ 35} When considering a fair and equitable distribution of pension benefits in a divorce, the trial court must apply its discretion "based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." Hoytv. Hoyt (1990), 53 Ohio St.3d 177, paragraph one of the syllabus. Thus, an appellate court will not disturb the trial court's valuation unless it finds the trial court abused its discretion.
 {¶ 36} After reviewing the record in this case, we cannot say the court's attitude was unreasonable, arbitrary, or unconscionable when it used Mr. Kelley's November 11, 2002 valuation in determining the equitable division of property. This valuation stated that the wife's pension had a present value of $693,537.98 on November 12, 2002. Contrary to the wife's assertions otherwise, this was not the highest valuation that the trial court examined. The court rejected Mr. Kelley's December 23, 2002 valuation which found a present value of $739,686.46. Both of Mr. Kelley's valuations assumed that July 1, 2003 would be the wife's last date of employment.
 {¶ 37} In addition to the valuations presented by Mr. Kelley, the trial court also considered valuations submitted by the wife. Ms. Sally Cuni performed two valuations, one with a present value that included a cost-of-living adjustment and one without, the former of which was recommended by Ms. Cuni as a more accurate reflection of the wife's pension benefit. These valuations included a present value of the pension benefit for November 1, 2002 of $384,514.41 and $276,833.59 respectively. The wife also submitted a pension valuation by Mr. Harold Reed. His valuation for present value of the pension benefit was $315,518 calculated on December 17, 2002.
 {¶ 38} We do not find that the trial court's attitude was unreasonable, arbitrary, or unconscionable in the above matter. The trial court found that the marriage lasted from June 20, 1970 to October 7, 2002. The trial court chose this termination date out of equity given that the parties separated in August 2001 and the last hearing of the matter was held in April 2003.
 {¶ 39} The wife argues that because the court found the marriage ended on October 7, 2002, an additional nine months of nonmarital service was added to Mr. Kelley's valuation that assumed the last date of employment in July 2003. The wife also argues that the valuation was incomplete because it did not include any specific data concerning the number of years in the plan while the two were married nor a coverture fraction.
 {¶ 40} The trial court received disparate data concerning the present value of the pension. The valuations submitted by the wife determined the value of her pension based on approximately 26½ years of service.[2] However, this number stands in contrast to the wife's own exhibit, a salary-related estimate of pension benefits from the State Teachers Retirement System of Ohio which listed her total service credit as 30.10 years.[3]
 {¶ 41} The court chose to apply its own coverture fraction to Mr. Kelley's evaluation, noting that the wife's service time included two years of premarital service, and subtracted the value of the husband's social security benefits. The court found that the wife's pension had a value of $539,774.07 of which she was entitled to retain free and clear of any claims by the husband.
 {¶ 42} The trial court acted within its discretion when it chose Mr. Kelley's November 11, 2002 valuation to determine the present value of the pension. As the Ohio Supreme Court stated inHoyt, "the trial court must have the flexibility to make an equitable decision based upon the circumstances of the case."Hoyt, 53 Ohio St.3d at 180.
 {¶ 43} The trial court explained how it preferred a Qualified Domestic Relations Order ("QDRO") in dealing with the retirement plans. However, in honoring the parties' request that both receive their respective benefits, the court used the evidence before it to best determine the value of the wife's pension. The court recognized the wife's premarital service and subtracted the husband's social security benefits. It then adjusted Mr. Kelley's figure downward $154,000. Further, because the court did not divide the pensions, the coverture fraction has no relevance. We find the court's action was reasonable given such varied valuations and the parties' requests. Accordingly, the first cross-assignment of error is overruled.
 {¶ 44} Cross-assignment of Error No. 2:
 {¶ 45} "THE TRIAL COURT ERRED TO THE PREJUDICE OF CROSSA-PPELLANT WHEN IT DID NOT AWARD HER PERMANENT SPOUSAL SUPPORT."
 {¶ 46} In her second cross-assignment of error, the wife argues that the trial court erred when it only awarded her temporary spousal support. She contends that the award was based on erroneous data related to the pension valuation. The wife argues that the trial court abused its discretion when it did not award her spousal support after she retires.
 {¶ 47} Again, we reiterate that courts are provided with broad discretion in determining the equity of whether spousal support is necessary and the nature, amount, and manner of support payments. Wolfe, 46 Ohio St.2d at 414. Such discretion is not unlimited, however, and a reviewing court, considering the totality of the circumstances, may reverse the trial court's decision if the trial court's attitude was unreasonable, arbitrary or unconscionable. Kunkle, 51 Ohio St.3d at 67.
 {¶ 48} In this case, the court, noting the disparity in assets after the division of property, found that the award of spousal support after the wife's retirement would not be equitable or reasonable. The court found that the requested $1,200 monthly payment over a ten-year period totaling $144,000 was unreasonable because the wife was receiving property after division that was worth approximately $154,000 more than the value of the husband's property. We find that the trial court acted well-within its discretion when it did not award spousal support to the wife after she retires. Accordingly, the second cross-assignment of error is overruled.
 {¶ 49} Judgment affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.
Powell, P.J., and Bressler, J., concur.
[1] At the time of oral argument, the wife was still working.
[2] Ms. Cuni's evaluations were calculated based upon 26.52 years of marital service. Mr. Reed's evaluation was based upon 26.77.
[3] A second salary-related estimate by STRS included a 1.87 pregnancy leave credit which the wife had not exercised at the time. Mr. Kelley's December 23, 2002 evaluation used 31.97 years in the pension plan to determine the present value, thus assuming such purchase by the wife.