[Cite as *Lightfield v. Lightfield*, 2018-Ohio-4383.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

MARK A. LIGHTFIELD,                      :

    Plaintiff-Appellant,               :        CASE NO. CA2017-11-164

                            :        O P I N I O N

    - vs -                            10/29/2018

                            :

KAREN M. LIGHTFIELD n.k.a. GERACI,       :

    Defendant-Appellee.               :

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12DR35743

Jason A. Showen, 324 East Warren Street, Lebanon, Ohio 45036, for plaintiff-appellant

Jane A. Short, 42 East Silver Street, Lebanon, Ohio 45036, for defendant-appellee

**HENDRICKSON, J.**

{¶ 1}   Plaintiff-appellant, Mark. A. Lightfield ("Father"), appeals from a decision of the Warren County Court of Common Pleas, Domestic Relations Division, ordering him to pay certain daycare expenses and attorney fees to defendant-appellee, Karen M. Lightfield n.k.a. Geraci ("Mother"). For the reasons set forth below, we affirm the trial court's award of attorney fees but reverse and vacate the court's decision ordering Father to pay daycare expenses for the 2015-2016 school year.

{¶ 2}    At the time the parties divorced in September 2012, three children had been born issue to their marriage.  The final decree of dissolution of marriage adopted an agreed upon shared parenting plan.  Pursuant to this plan, both parties were deemed the custodial parent of the children.  Father was awarded parenting time with the children in accordance with the court's "Basic I" Parenting Schedule and was ordered to pay a monthly child support obligation.

{¶ 3}    After the parties' divorce, numerous post-decree motions were filed.  Around October 2013, Father moved to California.  In July 2014, the terms of the shared parenting plan were modified so that Father could have supervised parenting time with the children in Ohio only after reasonable notice was given to Mother and the parties agreed on a time and place for the visitation.

{¶ 4}    More than a year later, on October 27, 2015, Mother filed a Motion to Terminate Shared Parenting, Designate Mother Residential and Custodial Parent for the Children, and Modify Support.  In her motion, Mother contended that the children have resided exclusively with her since Father's move to California and that Father had not exercised any parenting time since September 2013.  Mother asked that child support be recalculated and Father be ordered to pay the costs associated with her motion, including reasonable attorney fees.  Additional motions were then filed by the parties, including a motion by Father to establish a parenting schedule and a show cause motion filed by Mother on May 4, 2016.  In her Motion to Show Cause Why Father Should Not be Found in Contempt, Mother asked that Father be found in contempt for failing to "share in costs" associated with the care of the children, including daycare expenses related to the parties' two youngest children.  Mother sought an order directing Father to reimburse her for those expenses.  Mother also filed a Motion for Expedited Support Orders on June 7, 2016, asking the court to "immediately recalculate" child support based on the fact that the parties'

oldest child had reached the age of majority and Father's spousal support obligation was set to expire in August 2016.

{¶ 5} On August 31, 2016, a hearing was held on Mother's motion to modify child support. The parties reached an agreement on this issue, and a Child Support Worksheet and Agreed Entry and Order Concerning Child Support ("Agreed Entry") was filed on October 18, 2016. In the Agreed Entry, Father was ordered, as of August 1, 2016, to pay Mother child support for the parties' two youngest children in the amount of $1,101.57. The Agreed Entry specifically provided that "[t]he Court finds that there are no child support arrearages due as of August 1, 2016." The Agreed Entry also provided that "[t]he foregoing Agreed Entry disposes of the motion for an increase in child support. All other motions remain pending before the Court."

{¶ 6} On December 20, 2016, a hearing before a magistrate was held on various other motions not resolved by the October 18, 2016 Agreed Entry. At this hearing, in addition to addressing parenting time, Mother's counsel indicated it was also asking the court to address a "leftover portion of a Motion for Contempt that we filed. That basically is just a presentation of some expenses that [Mother] had over the last couple of years, medical expenses and some childcare expenses, which we didn't fully encapsulate into the support order so those are still pending * * *."

{¶ 7} Midway through the December 20, 2016 evidentiary hearing, the parties reached an agreement as to parenting issues. After reciting the parenting agreement into the record, Mother's counsel indicated Mother was prepared to proceed on "financial issues" that had not been resolved by the parties. Father objected to any presentation of evidence relating to childcare expenses, and the following discussion occurred:

> [MOTHER'S ATTORNEY]: I have some documents where which [sic] I prepared, I actually prepared these earlier when we went into our discussions last August or September. Talking about

expenses for the children that [Mother] had over the couple of year period that [Father] had been gone.

THE COURT: Okay.

[MOTHER'S ATTORNEY]: We presented those to the other side. They've taken a look at these and um * * * we talked about them when we discussed the issue of the new support and then we ultimately could not reach any sort of an agreement, so we put that aside to be able to deal with today.

* * *

[FATHER'S ATTORNEY]: Your Honor * * * the bulk of the expenses, it looks like they've provided me with their itemization, it looks like the bulk of it is about $7,500 of a total of $9,200 is devoted to childcare.

I am going to object to any evidence being presented on childcare for two reasons. One is that the child care is included in child support. We've dealt with the child support. There was an amount that was included for childcare in that child support amount. Most of this predates the motion for childcare. They don't have a motion for childcare. It's a Motion to Recalculate Child Support. Most of this childcare predates that motion.

There is nothing in the Shared Parenting Plan which states that the parties are going to divide any daycare expenses over and above any amount that was included in child support.

THE COURT: Okay, well let's let the evidence flush out and you can make your objection [then].

[FATHER'S ATTORNEY]: Okay.

{¶ 8} Mother then testified about daycare expenses she incurred during the 2015-2016 school year, starting in August 2015. Mother presented statements and receipts totaling close to $7,000 from various daycare providers during this time period, which she explained were necessary so that she could continue to work. On cross-examination, Mother admitted that during the time she incurred the daycare expenses she was receiving child support and spousal support payments from Father. She also admitted that under the child support order that was in effect prior to August 1, 2016, there had not been daycare

- 4 -

expenses listed on the child support worksheet. She further agreed that the most recent child support order that was implemented as a result of the October 18, 2016 Agreed Entry included a childcare expense on the child support worksheet. Finally, Mother admitted that there was not a provision in the parties' shared parenting plan that stated Father was responsible for daycare expenses, outside of his child support provision.

{¶ 9} Following Mother's testimony about daycare expenses, Father again objected on the grounds that "daycare is included in child support," Mother had not moved to modify child support until October 2015 – after some of the daycare expenses had already been paid, and the child support issue had been resolved by the October 18, 2016 Agreed Entry, which provided an effective date for Father's child support obligation as August 1, 2016 and specifically stated Father was not in arrears as of August 1, 2016. The magistrate took the matter under advisement and summarized the issue as follows:

> THE COURT: Right, so the decision I have to make is whether or not the Court can retroactively apply a child care expense either just inherently because of part of the Shared Parenting Plan or whether I'm limited by the date of the filing of a motion and typically it's the date of the filing of a motion.
>
> Secondly, I have to decide whether the Agreed Entry of October 18th * * * while including childcare expense does not address the motion about past childcare expense, whether that issue is res judicata or whether or not it's still something that the Court can address.

{¶ 10} The magistrate then heard evidence on Mother's request to have Father pay the attorney fees she incurred in filing and prosecuting the October 27, 2015 and May 4, 2016 motions. Mother's attorney had filed an affidavit of his fees for work he completed for Mother from October 9, 2015 through December 7, 2016, and attached a chart detailing his activities during this time period. Counsel attested that he charged Mother an hourly rate of $200.00 and had spent 70.4 hours working on Mother's case during that time period, for a total fee of $14,080.00. Counsel also stated he anticipated that "there will be additional time

charged through the trial date of December 20, 2016 of approximately $2,000."

{¶ 11} Father's counsel indicated he had received and reviewed the affidavit and found the hourly rate charged by Mother's counsel to be reasonable but felt that there were some charges that were not "necessary, reasonable, or customary." Mother then took the stand to testify about why she had counsel file the October 27, 2015 and May 4, 2016 motions. Mother stated that Father's efforts to avoid service of the October 27, 2015 motion had "caused some issues" by delaying matters and requiring extra expenses be incurred due to the fact that she and her counsel "had to keep trying different addresses until we ultimately served him through work." Mother also testified that due to the disparity between her income and Father's income, she wanted "some contribution" towards her fees.

{¶ 12} On December 16, 2016, the magistrate issued a decision that granted in part Mother's request to have Father pay daycare expenses. The magistrate rejected Father's contention that the daycare expense issue had been resolved by the filing of the October 18, 2016 Agreed Entry. The magistrate stated, in relevant part, as follows:

> [T]he Magistrate agrees with Mother on the question of daycare expenses for the 2015-16 school year, at least to the extent they were incurred after the filing of her motion to modify child support on October 27, 2015. The Magistrate finds the daycare expenses to be reasonable and necessary for [the youngest two children] and finds it is in the best interests of the children for Father to contribute to them.
>
> The Magistrate finds $5,434.33 of daycare expenses [were] incurred after the filing of the motion. The Magistrate further finds that Father has 80% of the total income, and therefore should reimburse Mother 80% of the indicated daycare expenses. That creates a total of $4,347.46, which Father shall pay to Mother by March 31, 2017.

The magistrate also granted Mother's request for attorney fees, finding that contribution towards her fees was appropriate under R.C. 3105.73. Father was ordered to pay $4,500.00 towards Mother's legal expenses.

{¶ 13} Father filed objections to the magistrate's decision, arguing the magistrate erred in holding that he should reimburse Mother for the daycare expenses and pay a portion of her legal expenses. The trial court found no merit to Father's arguments, overruled his objections, and adopted the magistrate's decision in whole. Father timely appealed, raising two assignments of error for our review.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED IN ORDERING [FATHER] TO PAY EXPENSES CONTRARY TO A NEGOTIATED SETTLEMENT FILED WITH THE COURT.

{¶ 16} In his first assignment of error, Father argues the trial court erred in ordering him to pay for daycare expenses incurred during the 2015-2016 school year. Father contends the trial court "violated and/or exceeded the bounds" of its authority when it ignored the October 18, 2016 Agreed Entry disposing of Mother's motion to modify child support and ordered him to pay daycare expenses. We agree.

{¶ 17} As an initial matter, we note that in ordering Father to reimburse Mother for daycare expenses the trial court did not find Father in contempt for failing to "share in costs" associated with the children. Rather, the court tied its decision to the filing date of Mother's motion to modify child support. This motion, however, was not before the court at the time of the December 20, 2016 hearing as the parties had already reached an agreement as to child support and an Agreed Entry disposing of the motion had been filed.

{¶ 18} "A judgment entry to which the parties voluntarily agree and/or consent is essentially a contract between the parties." *Deutsche Bank Natl. Trust Co. Americas v. Weber*, 12th Dist. Butler No. CA2009-10-264, 2010-Ohio-1630, ¶ 13, citing *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 39 (1972). *See also Sovak v. Spivey*, 155 Ohio App.3d 479, 2003-Ohio-6717, ¶ 25 (7th Dist.) (recognizing that "[a]n agreed judgment entry is a contract that is reduced to judgment by a court"). Therefore, "an agreed judgment entry is

subject to the same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is clearly suggested from the face or overall contents of the agreement." *Nunnari v. Paul,* 6th Dist. Lucas No. L-06-1281, 2007-Ohio-5591, ¶ 16. "Courts must * * * give the agreement 'a just and reasonable construction that carries out the intent of the parties as evidenced by the contractual language.'" *In re Estate of Perry*, 12th Dist. Butler No. CA2007-03-061, 2008-Ohio-351, ¶ 17, quoting *Driftmyer v. Carlton*, 6th Dist. Lucas No. L-06-1029, 2007-Ohio-2036, ¶ 42.

{¶ 19} The October 18, 2016 Agreed Entry specifically states it is an agreed entry and order "concerning child support" that was entered after the August 31, 2016 full hearing held on Mother's motion to modify child support. The Agreed Entry resolves Mother's motion "by agreement of the parties" and requires Father to pay Mother child support for the parties' two youngest children in the amount of $1,101.57 a month. The entry specifically provides "August 1, 2016" as an effective date for the child support order and states that "there are no child support arrearages due as of August 1, 2016." The Agreed Entry also provides that "*[t]he foregoing Agreed Entry disposes of the motion for an increase in child support.* All other motions remain pending before the court." (Emphasis added.) Nowhere in the Agreed Entry do the parties indicate that the issue of daycare expenses for the period of October 27, 2015 (the date Mother filed the motion to modify child support) to August 1, 2016 (the date the new child support order went into effect) remains pending for the court to decide. Instead, the face of the Agreed Entry indicated the parties' intent to resolve Mother's motion to modify child support in whole.

{¶ 20} Furthermore, as the trial court noted in ruling on Father's objections to the magistrate's decision, in resolving Mother's motion to modify child support, the parties clearly contemplated daycare expenses in determining child support obligations as of August 1,

- 8 -

2016. The child support worksheet filed with the Agreed Entry specifically listed childcare expenses on Line 19 of the worksheet. However, the previous child support worksheet, which was completed at the time the parties divorced and entered into the agreed upon shared parenting plan in 2012, did not include any daycare or childcare expenses.

{¶ 21} "Line 19 of the Child Support Worksheet set forth in R.C. 3119.022 addresses the '[a]nnual child care expenses for children who are the subject of this order that are work-, employment training-, or education-related, as approved by the court or agency (deduct tax credit from annual cost, whether or not claimed).' A percentage of the approved annual child care expenses are added into the obligor's annual child support on line 21 (when health insurance is provided) or line 24 (when health insurance is not provided)." *Johnson v. McConnell*, 2d Dist. Montgomery No. 24115, 2010-Ohio-5900, ¶ 16. An adjustment is required "only when [the] childcare expenses a party claim are 'approved by the court.'" *Id.*, citing *Daufel v. Daufel*, 2d Dist. Montgomery No. 22584, 2008-Ohio-3868, ¶ 38. Here, the previous child support worksheet did not list any childcare expenses on Line 19. As a result, childcare expenses, such as daycare expenses, were not included in the child support order that was in effect from the time of the parties' divorce until August 1, 2016 – the date the new child support order went into effect. Therefore, Father cannot be held responsible under the 2012 child support order for daycare expenses incurred during the 2015-2016 school year. This is especially true where the parties agreed and the trial court found that "there are no child support arrearages due as of August 1, 2016."

{¶ 22} Accordingly, because the Agreed Entry did not preserve the issue of daycare expenses and because the 2012 child support order did not include daycare expenses in Father's support obligation, we find that the trial court erred by ordering Father to reimburse Mother for daycare expenses incurred during the 2015-2016 school year. We therefore sustain Father's first assignment of error and reverse and vacate the trial court's decision to

the extent it ordered Father to pay Mother $4,347.46 for daycare expenses. Father does not owe Mother for any daycare expenses incurred during the 2015-2016 school year or for any daycare expenses incurred prior to the effective date of the Agreed Entry modifying his child support obligation.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES WHERE THE PARTIES SETTLED THE VAST MAJORITY OF ISSUES PENDING AND THERE WAS NO SPECIFICITY OF WHAT ISSUES THE ATTORNEY FEES WERE AWARDED FOR.

{¶ 25} In his second assignment of error, Father argues the trial court erred when it ordered him to pay $4,500 towards Mother's attorney fees as the "parties settle[d] all the underlying matters that fees could be awarded for" and Mother failed to present evidence supporting the award of attorney fees.

{¶ 26} "An award of attorney fees is within the sound discretion of the trial court." *Tedrick v. Tedrick*, 12th Dist. Clermont No. CA2015-07-065, 2016-Ohio-1488, ¶ 31, citing *Reynolds-Cornett v. Reynolds*, 12th Dist. Butler No. CA2013-09-175, 2014-Ohio-2893, ¶ 28. A trial court's decision to award attorney fees will be reversed only if it amounts to an abuse of discretion. *Id.*

{¶ 27} In the present case, the trial court awarded attorney fees in accordance with R.C. 3105.73(B). This provision provides as follows:

> In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

R.C. 3105.73(B).

{¶ 28} After a thorough review of the record, we find that the trial court did not abuse its discretion in ordering Father to pay a portion of Mother's attorney fees. Father conceded that the hourly rate charged by Mother's attorney was reasonable and Mother's testimony at the December 20, 2016 hearing supported the award of $4,500 in attorney fees. Although Mother did not testify how much of her attorney fees were related to the individual motions her attorney filed or the responsive briefs filed in defense of Father's motions, Mother did testify about the events that led to her seeking a termination of shared parenting, a modification of child support, and her request to have Father found in contempt. As this court has previously recognized, "[w]hen the amount of time and work spent on the case by the attorney is evident, an award of attorney fees, even in the absence of specific evidence is not an abuse of discretion." *Smith v. Smith*, 12th Dist. Butler No. CA2001-11-259, 2002-Ohio-5449, ¶ 18. *See also Poynter v. Pabst*, 12th Dist. Butler No. CA2013-03-032, 2013-Ohio-5671, ¶ 31 (finding the trial court did not abuse its discretion in awarding attorney fees where the trial court had great familiarity with the case and used its own knowledge and experience in determining the reasonableness of attorney fees).

{¶ 29} The record demonstrates that the trial court considered "the totality of the circumstances," including Father's higher income and the parties' conduct, before concluding it was equitable and appropriate to order Father to pay a portion of Mother's legal expenses. As the court noted, Father left Ohio in 2013, "fail[ed] to contact the children for three years," and when Mother "filed a motion to address that reality," Father complicated Mother's ability to obtain service on him. In addition to the extra expenses Mother incurred as a result of Father's efforts to avoid service of Mother's motion, Father's claims of parental alienation also caused Mother additional attorney fees and expenses. The court found that "Father compounded the issue[s] by claiming Mother bore significant responsibility for his lack of time with the children because Mother causes parental alienation. Ultimately, Dr. Arnold found no

credence in such a claim."[1] The fact that the parties were able to resolve the majority of their issues and motions by agreement does not prevent the trial court from awarding reasonable attorney fees where the award is equitable.

{¶ 30} For the reasons expressed above, we find that the trial court did not abuse its discretion in awarding Mother $4,500 in attorney fees as said award was equitable and appropriate under R.C. 3105.73(B). Father's second assignment of error is, therefore, overruled.

{¶ 31} Judgment affirmed in part and reversed and vacated in part.

S. POWELL, P.J., and RINGLAND, J., concur.

---

1. While Mother's Motion to Terminate Shared Parenting, Designate Mother Residential and Custodial Parent for the Children, and Modify Support and Father's Motion to Establish a Parenting Schedule were pending, Father requested that Mother undergo a psychological evaluation to determine if she was impeding his ability to see and establish a relationship with the children. The court granted Father's request for Mother to undergo a psychological evaluation and ordered Father to pay the costs of the evaluation. Nonetheless, Mother incurred attorney fees related to the psychological evaluation and Father's claims of parental alienation.