[Cite as *Miller v. Miller*, 2019-Ohio-3420.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| BENJAMIN H. MILLER, | : | |
| Appellee, | : | CASE NO. CA2018-08-174 |
| | : | O P I N I O N |
| - vs - | | 8/26/2019 |
| | : | |
| NINA J. MILLER, | : | |
| Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2017-06-0551

Schiavone Law Office, Frank J. Schiavone, IV, 2 South 3rd Street, Suite 300, Hamilton, Ohio, 45011; Herdman Law, Joseph A. Cesta, 1160 East Main Street, Post Office Box 36, Lebanon, Ohio 45036, for appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶ 1}  Appellant, Nina J. Miller ("Wife"), appeals the divorce decree from the Butler County Court of Common Pleas, Domestic Relation Division, contesting the division of marital property and decision not to award attorney fees.

**Statement of the Case**

{¶ 2}  Wife and Benjamin H. Miller ("Husband") married in February 1977.  Husband commenced the instant divorce action in June 2017.  The parties stipulated to the division of

most of their property and debts. However, the parties could not agree on the division of the parties' retirement assets, medical insurance benefits, real estate tax liabilities, spousal support, and legal expenses. Therefore, the trial court held a series of hearings in February and March 2018 to resolve these issues.

{¶ 3} The trial court entered its Judgment Entry and Decree of Divorce on July 30, 2018. In the decree, the trial court found that the parties each had separate retirement assets. Husband received a pension and medical insurance from his previous employment during the marriage. Wife owned or had an interest in three retirement accounts: a retirement account from her previous employment at Proctor & Gamble ("P&G Account"), a retirement account through her current employer, Children's Hospital ("TIAA Account"), and a pension account through Children's Hospital ("Children's Pension").

{¶ 4} The trial court ordered that Husband would retain his total pension and retirement medical benefits, Wife would retain her P&G Account and Children's Pension, and that only Wife's TIAA Account would be divided among the parties. Furthermore, the court found that after dividing the real property according to the parties' stipulation, the tax liabilities for the respective properties were nearly equal between Husband and Wife. The difference between the tax liabilities was $21.81 in Husband's favor. Therefore, the court offset the stipulated "property equalization" amount that Wife otherwise owed Husband by that amount.

{¶ 5} Ultimately, the trial court ordered Wife to pay Husband both a distributive award of $10,343.69 and half of the TIAA Account. In addition, the court decided that spousal support for either party was inappropriate and each party would pay for their own legal expenses.

{¶ 6} Wife now appeals the decision of the trial court, raising four assignments of error.

- 2 -

**Standard of Review for Division of Property pursuant to Divorce**

{¶ 7} Pursuant to R.C. 3105.171, a trial court has authority to divide marital property as part of a divorce action. The division of property involves a two-step process and an appellate court will review each step under a different standard of review. *Binks v. Binks*, 12th Dist. Butler No. CA2018-02-023, 2019-Ohio-17, ¶ 8. First, the trial court must classify the property as either marital or separate. *Ruble v. Ruble*, 12th Dist. Madison No. CA2010-09-019, 2011-Ohio-3350, ¶ 31, citing R.C. 3105.171(B). An appellate court reviews the trial court's classification of property under a manifest weight of the evidence standard. *McCarty v. McCarty*, 12th Dist. Warren Nos. CA2016-07-055 and CA2016-07-056, 2017-Ohio-5852, ¶ 10. As such, an appellate court must weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. *Binks* at ¶ 9. An appellate court presumes the trial court's findings are correct because the trial court is in the best position to view witness credibility. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 11. Accordingly, an appellate court will not reverse the trial court if there is competent, credible evidence to support the trial court's finding. *Id.*

{¶ 8} Second, the trial court must divide the marital property between the parties. *Oliver v. Oliver*, 12th Dist. Butler No. CA2011-01-004, 2011-Ohio-6345, ¶ 6. In dividing the marital property, the "starting point for a trial court's analysis is an equal division of marital assets." *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, ¶ 5, citing R.C. 3105.171(C). If the trial court determines that an equal division is not equitable, then the court must instead divide the property equitably. R.C. 3105.171(C)(1). The trial court has broad discretion to determine what constitutes an equitable division, therefore, an appellate court reviews the division only for an abuse of discretion. *Zollar v. Zollar*, 12th Dist. Butler No. CA2008-03-065,

2009-Ohio-1008, ¶ 11; *accord Neville* at ¶ 5. An abuse of discretion is more than an error of law or judgement, it is an attitude of the court that is unreasonable, arbitrary, and unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**Retirement Healthcare Benefits**

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT [WIFE] IN FAILING TO VALUE AND DIVIDE APPELLEE'S [HUSBAND'S] POST-RETIREMENT HEALTHCARE BENEFITS AS A MARITAL ASSET.

{¶ 11} In the first assignment of error, Wife argues that the trial court erred for two reasons. First, the trial court failed to determine that Husband's retirement medical insurance was marital property. Second, the trial court did not appropriately consider the value of this medical insurance benefit when it divided the parties' retirement assets. We find Wife's argument lacks merit.

{¶ 12} Pursuant to R.C. 3105.171(A)(3)(a)(i) and (ii), retirement benefits acquired during the marriage are considered marital property subject to division upon divorce. *Daniel v. Daniel*, 139 Ohio St.3d 275, 2014-Ohio-1161, ¶ 8-9. However, this court has previously held that healthcare benefits provided by a pension plan are not to be considered marital property subject to division and distribution. *Yates v. Yates*, 12th Dist. Preble Nos. CA2004-07-010 and CA2004-07-011, 2006-Ohio-743, ¶ 16. As the *Yates* court explained, such benefits are not guaranteed and are therefore unlike other employment deferred benefits. *Id.* at ¶ 16-17.

{¶ 13} Here, the trial court found that Husband received retirement medical insurance as a result of settlement from a class-action lawsuit against his former employer. As part of this settlement, the former employer created a healthcare trust fund for the class of retirees and the retirees' immediate family. Nevertheless, the trial court found that no marital funds

were used to establish the healthcare trust fund and Husband could not withdraw or otherwise control any of the money in that fund. Additionally, a trustee and chairman of the healthcare fund testified that while it was established with hundreds of millions of dollars, the healthcare trust fund was a closed fund and not otherwise guaranteed. The healthcare trust fund's continued viability depends on stock market investments and annual expenses. Furthermore, Husband must continue to pay premiums, copays, and annual deductibles in order to receive the continued medical insurance benefit.

{¶ 14} The divorce decree indicated that the trial court considered the future "disparate healthcare costs" between the parties when it divided property. However, the trial court expressly rejected Wife's argument that the medical retirement benefit was to be considered marital property, finding it "without merit." Based on our review of the record and our decision in *Yates*, the trial court's finding that Husband's retirement medical benefits were not marital property subject to division is not against the weight of the evidence.

{¶ 15} Accordingly, Wife's first assignment of error is overruled.

**Retirement Assets**

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT [WIFE] IN FAILING TO VALUE AND DIVIDE APPELLEE'S [HUSBAND'S] AK STEEL PENSION.

{¶ 18} In the second assignment of error, Wife argues that the trial court erred by not properly valuing Husband's pension and that this improper valuation led to an inequitable division of the parties' retirement assets.

{¶ 19} As noted above, the trial court is given discretion when dividing marital retirement assets and benefits. *Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624 at ¶ 5-6. Moreover, the Ohio Supreme court has held that "any given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making

an equitable distribution of both parties' marital assets." *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 180 (1990). This is because the trial court

> should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage.

*Id.* at 179.

**{¶ 20}** Here, the record shows that both parties had retirement benefits acquired during marriage. Husband had a pension through AK steel and this pension had been in payout status since he retired in 2003. The gross defined benefit of this pension was $1,706.25 a month. Some of the pension was acquired before the marriage, but a large portion was acquired during the marriage. Wife presented an actuary expert to determine the coverture fraction and present value of the marital portion of Husband's pension. Wife's expert determined that the coverture fraction was around 85% and the present value of the marital portion was $296,904.73. Nonetheless, in the Decision and Order Entry journalized June 21, 2018, the trial court found this be an inaccurate valuation, because it was the "cost to purchase an annuity that would provide the same monthly benefit." Furthermore, the court found that at the time Husband retired, Wife waived her survivorship benefit to the pension.

**{¶ 21}** The record demonstrates that Wife had three separate retirement assets and all of these assets were acquired during the marriage. The present value of the P&G Account and TIAA Account was $160,868.17 and $74,640.43, respectively. There was a discrepancy in the present value of the Children's Pension depending on the date of retirement. If Wife retired at age 62, the value would be $52,720.14, and if Wife retired at 65, the value would be $62,345.83. Wife testified that for health reasons she planned to retire at 62, therefore using the lower value of $52,720.14, the combined value of Wife's retirement assets was $288,228.74.

{¶ 22} Regardless of the total value of the marital retirement assets, the trial court found that Wife had a higher stream of income and was to receive more real estate properties with higher potential rental profits than those received by Husband. Furthermore, the record shows that Wife testified that in 2017 her gross income, employed part-time, was nearly $50,000 and she deposited around $15,000 of that income into her retirement accounts. As noted above, an equitable division does not mean that each account must be divided equally. *See Hoyt*, 53 Ohio St. 3d at 180. Equity is determined by the totality of the circumstances. *Dollries v. Dollries*, 12th Dist. Butler Nos. CA2012-08-167 and CA2012-11-234, 2014-Ohio-1883, ¶ 10. Therefore, based on the record and in consideration of all the marital property, the trial court did not abuse its discretion when it divided the retirement assets as it did.

{¶ 23} Consequently, Wife's second assignment of error is overruled.

### Real Estate Tax Liabilities

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT [WIFE] IN ALLOCATING RESPONSIBILITY FOR DELINQUENT PROPERTY TAX DEBT.

{¶ 26} In the third assignment of error, Wife argues that the trial court abused its discretion when it divided the tax liabilities of the marital real estate. Wife argues that the decision was inequitable for two reasons. First, the trial court did not properly account for taxes up to the separation date. Second, the trial court did not properly consider that Husband was the sole recipient of the rental payments from these properties.

{¶ 27} Tax liabilities accrued during marriage are considered marital debt subject to division. R.C. 3105.171(F)(2); *see Williams v. Williams,* 12 Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 53. This court reviews the division of marital debt for an abuse of discretion. *Wolf v. Wolf,* 12th Dist. Preble No. CA2009-01-001, 2009-Ohio-3687, ¶ 23.

{¶ 28} In the Decision and Order Entry journalized June 21, 2018, the trial court found that the parties stipulated to the disposition of the real estate on February 15, 2018. Because this date was before the due date of the tax bill for first half of 2017 on some of the Butler County properties, the trial court only divided the tax liabilities through 2016. The trial court then made findings for each of the properties' outstanding tax liabilities, found the total amount due, and divided the total number in half to find the amount due by each party. In its calculation, the trial court found that Wife's balance was $21.81 more than the amount due. The trial court then off set the imbalance by reducing the distributive award that Wife otherwise owed Husband by $21.81.

{¶ 29} Furthermore, the trial court found that while Husband retained the rental payments, he was not unjustly enriched because he paid the expenses on the properties. Out of the $8,400 received from the rental payments, Husband paid around $7,500 for insurance, utilities, and taxes. Additionally, the trial court found that Husband maintained the properties and dealt with the tenants. Therefore, it was not an abuse of discretion for the trial court to find that Husband did not profit from the rental receipts at the expense of Wife.

{¶ 30} Based on our review of the record, we find that there is a discrepancy of a few cents between the evidence adduced at trial and in the Judgment Entry and Decree of Divorce in the division of the tax liabilities, however this does not amount to an abuse of discretion nor is it otherwise inequitable. Such a minuscule discrepancy is de minimis.

{¶ 31} Accordingly, Wife's third assignment of error is overruled.

**Attorney Fees**

{¶ 32} Assignment of Error No. 4:

{¶ 33} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT [WIFE] IN NOT AWARDING HER THE COST OF REASONABLE ATTORNEY FEES.

{¶ 34} In the fourth assignment of error, Wife argues that the trial court erred by

denying her an award for attorney fees. Specifically, Wife argues the trial court failed to adequately explain the denial.

{¶ 35} Pursuant to R.C. 3105.73(A), a trial court "may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable" as part of the divorce proceeding. To determine whether the award is equitable, the statute directs the court to consider the respective parties' "marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." R.C. 3105.73(A). An award of attorney fees is within the discretion of the trial court. *Lykins v. Lykins*, 12th Dist. Clermont Nos. CA2017-06-028 and CA2017-06-032, 2018-Ohio-2144, ¶ 65. Consequently, this court will reverse the trial court's decision only upon finding an abuse of discretion. *Lightfield v. Lightfield*, 12th Dist. Warren No. CA2017-11-164, 2018-Ohio-4383, ¶ 26.

{¶ 36} Here, the trial court did not abuse its discretion by denying Wife an award of attorney fees and ordering the parties to pay their respective litigation expenses. The record shows that the trial court carefully considered the facts and circumstances of the case. Specifically, in the June 21, 2018 Decision and Order Entry, the trial court found several facts that militated against awarding the Wife attorney fees: (1) Wife's conduct and her counsel's conduct during the divorce action caused unnecessary delay in the litigation; (2) Husband's accrued attorney fees, while not as substantial, were also significant; (3) the number of billable hours claimed by Wife's attorney were unreasonable; and (4) Wife had greater income earning capacity, in part, because of the marital properties she received and her higher education level. Consequently, Wife's contention the trial court did not "adequately explain its reasoning" is without merit.

{¶ 37} Based on our review of the record, the trial court's findings and decision are not unreasonable, arbitrary, or unconscionable. Therefore, the trial court did not abuse its

discretion when it denied Wife an award of attorney fees.

{¶ 38} Accordingly, Wife's fourth assignment of error is overruled.

{¶ 39} Judgment affirmed.


S. POWELL, P.J., and M. POWELL, J., concur.