[Cite as *Hine v. Hine*, 2019-Ohio-734.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Deborah S. Hine

    Appellee

v.

Bruce K. Hine

    Appellant

Court of Appeals No. WD-18-023

Trial Court No. 2017-DR-0018

**DECISION AND JUDGMENT**

Decided: March 1, 2019

* * * * *

Carla B. Davis, for appellee.

Brian D. Smith, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Bruce K. Hine, appeals from the March 5, 2018 judgment of the Wood County Court of Common Pleas, Domestic Relations Division, overruling objections to the magistrate's decision of December 12, 2017, and adopting the magistrate's decision, which divided the marital assets of appellant and appellee, Deborah S. Hine, following their divorce. For the reasons which follow, we affirm.

**{¶ 2}** On appeal, appellants asserts the following assignments.

    I.  The trial court erred by dividing retirement accounts that are in payout status.

    II.  The trial court erred by not making or making an inappropriate health designation for the purpose of valuation of retirement accounts.

    III.  The trial court erred by not valuing the survivorship benefits that the Plaintiff/Appellee will receive from the Defendant/Appellant's retirement accounts.

    IV.  The trial court erred by reviewing the magistrate's decision under an abuse of discretion standard.

**{¶ 3}** The parties were married in 1974 and their two children are emancipated.  A complaint for divorce was filed on February 7, 2017.  While the parties entered into an extended number of stipulations regarding the division of marital assets, the division of the remaining assets, including their retirement assets, were addressed in a hearing which began June, 20, 2017.  The magistrate concluded the retirement assets should be divided on a 50/50 basis and outlined the process to do so.  In its March 5, 2018 judgment, the trial court adopted the magistrate's findings of fact and conclusions of law.  Appellant appeals.

**{¶ 4}** We address appellant's assignments of error out of order to consider the alleged procedural error first.  In his fourth assignment of error, appellant argues the trial

2.

court erred by reviewing the magistrate's decision for an abuse of discretion rather than independently reviewing the case.

{¶ 5} If a party files timely and specific objections to the magistrate's decision, Civ.R. 53(D)(3)(b)(i) and (ii), and supports the objection with a transcript or affidavit, Civ.R. 53(D)(3)(b)(iii), the trial court is required to make an "independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law" regarding the objections raised. Civ.R. 53(D)(4)(d). This requirement involves a de novo determination of the findings of fact and independent assessment of the conclusions of law, not a limited appellate review for an abuse of discretion. *Id.*, *Redmond v. Wade*, 4th Dist. Lawrence No. 16CA16, 2017-Ohio-2877, ¶ 22, citing *Knauer v. Keener*, 143 Ohio App.3d 789, 793-794, 758 N.E.2d 1234 (2d Dist.2001); *Kovacs v. Kovacs*, 6th Dist. Erie No. E-03-051, 2004-Ohio-2777, ¶ 6. Appellate courts will presume the trial court conducted an independent review unless a party proves otherwise. *Redmond* at ¶ 23; *Mattis v. Mattis*, 10th Dist. Franklin No. 15AP-446, 2016-Ohio-1084, ¶ 11.

{¶ 6} In the case before us, appellant points to the trial court's judgment to support his claim that the trial court did not conduct an independent review. The trial court indicated in its judgment that it reviewed the magistrate's decision, the transcript, and the exhibits and found the "Magistrate carefully and thoroughly reviewed all of the evidence and * * * issued a decision supported by the evidence." However, the court additionally found that "[i]n doing so, the Magistrate did not abuse his discretion."

3.

**{¶ 7}** Upon a review of the trial court's judgment, we find that the trial court reviewed the evidence and found the evidence supported the magistrate's decision. While the trial court should not have considered whether the magistrate properly exercised his discretionary powers, appellant was not prejudiced by this additional finding. *See Mattis* at ¶ 17. *Compare In re J.P.*, 10th Dist. Franklin No. 16AP-61, 2016-Ohio-7574, ¶ 25. Therefore, we find appellant's fourth assignment of error not well-taken.

**{¶ 8}** The remaining assignments of error relate to the trial court's decision regarding the division of the marital retirement funds. The goal of the trial court in a divorce action is to make an equal, but equitable, division of marital property. R.C. 3105.171(C)(1). The trial court has broad discretion to determine what is equitable. *Bisker v. Bisker*, 69 Ohio St.3d 608, 609, 635 N.E.2d 308 (1994).

**{¶ 9}** The court's decision will not be reversed on appeal unless it is shown that the court abused its discretion. *Daniel v. Daniel,* 139 Ohio St.3d 275, 2014-Ohio-1161, 11 N.E.3d 1119, ¶ 26, citing *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 1998-Ohio-403, 696 N.E.2d 575 (1998) (additional citations omitted) (Lanzinger, J., dissenting). To establish that the court abused its discretion, a party must show "more than an error of law," the party must demonstrate that the judgment reflects an "unreasonable, arbitrary, or unconscionable" attitude by the court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980) (citations omitted).

4.

{¶ 10} In his first assignment of error, appellant argues that the trial court erred in equally dividing the marital retirement funds which were in payout status to appellant while appellee was still working. Appellant argues the trial court failed to apply the precedent set by *Dunn v. Dunn*, 6th Dist. Ottawa No. OT-09-038, 2010-Ohio-6508 and *Miller v. Miller*, 6th Dist. Sandusky No. S-12-035, 2013-Ohio-5071, and utilize a monthly income comparison to determine the most equitable division of the retirement funds.

{¶ 11} In *Dunn*, *id*., we affirmed an unequal division of the marital retirement assets of a couple that had been married 35 years on the basis that one party was retired and receiving benefits under an OPERS retirement plan and the other party was still working and contributing to Social Security. While the trial court could not divide the Social Security benefits, the court considered the total assets each party would have in retirement and found it was more equitable to divide the retirement assets based on the present income levels of the parties. *Id*. at ¶ 29.

{¶ 12} In *Miller*, we affirmed the unequal division of the retirement assets of a couple married 13 years on the basis that both parties were still working, with one party participating in the STRS retirement system and the other entitled to benefits under Social Security and several smaller retirement funds. The trial court adopted the recommendation of an expert to equalize the projected monthly benefit based on the benefits vested during the marriage for the purpose of equalizing the monthly benefit to be received in retirement. *Id*. at ¶ 33-34.

5.

{¶ 13} The trial court in the case before us considered the holdings in *Dunn* and *Miller* and determined that an equal division of the retirement funds was equitable. That decision is supported by the evidence.

{¶ 14} While appellee is still working and earning approximately $40,000, appellant also recently inherited $260,000-$290,000 and a home valued at $80,000 from his mother. Neither of these streams of income are marital assets, but the fact that both had other resources can be considered for purposes of equity.

{¶ 15} The parties agreed during the marriage to spend appellee's income on family expenses and to maximize appellant's retirement contributions in order to maximize their retirement income. Both parties have worked throughout the marriage and lived a frugal life to avoid debt. Appellant filed for early retirement benefits under Social Security and elected to take pension retirement benefits from three of his funds at age 62. Appellee is 63 years of age and is eligible to retire with an unreduced OPERS retirement benefit in approximately three years. Therefore, the equalization of their retirement income was appropriate. Although appellant testified as to his health issues, there was no evidence presented to establish that his health issues impacted his mortality rate.

{¶ 16} We find appellant has failed to demonstrate the trial court abused its discretion in making an equal division of the retirement funds. We find appellant's first assignment of error not well-taken.

6.

{¶ 17} In his second assignment of error, appellant argues that the trial court erred by not considering the health of each party for the purpose of valuing the retirement funds. He argues there is a large variance in the present value of the retirement funds when different health statuses are elected. He asserts his health is poor and that when he was terminated from his position at BP, he did not apply for disability but elected to take Social Security to avoid waiting a year for payments. Therefore, he contends the trial court erred in finding that appellant was "healthy."

{¶ 18} We disagree. There was no expert medical evidence of appellant's health status or its impact upon his mortality. We find the trial court did not err in finding that while appellant was in poor health, he was not disabled, and utilized the present values of the accounts based on a healthy participant. Therefore, appellant's second assignment of error is not well-taken.

{¶ 19} In his third assignment of error, appellant argues that the trial court erred by not valuing the survivorship benefits that appellee will receive from appellant's retirement accounts and the fact that her life expectancy is statistically predicted to be eight years longer than appellant.

{¶ 20} Appellant failed to raise this issue in his objections to the magistrate's findings. The magistrate found the Pension Benefit Guarantee Corporation valuation methodology utilized by the expert, Pension Evaluators, was the most equitable approach and rejected the corporate bond rate methodology and the valuing the survivor tails by the other expert, William Napoli. The court also declined to consider the survivorship

7.

benefits already elected or to be elected by court order in its determination of the division of the marital retirement funds. Therefore, appellant waived his right to raise this alleged error on appeal. Civ.R. 53 (D)(3)(b)(iv). Appellant's third assignment of error is not well-taken.

{¶ 21} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                  _____

                                                    JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.                               _____
                                                    JUDGE

_____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

8.