[Cite as *Anderson v. Anderson*, 2020-Ohio-4415.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| LAUREN APRIL ANDERSON, | : | |
| Appellee, | : | CASE NO. CA2019-10-118 |
| | : | O P I N I O N |
| - vs - | | 9/14/2020 |
| | : | |
| JEFFREY RYAN ANDERSON, | : | |
| Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 18DR40675

Moskowitz & Moskowitz, LLC, James H. Moskowitz, 810 Sycamore Street, 1st Floor, Cincinnati, Ohio 45202, for appellee

Law Offices of Shannon C. Smith, Matthew D. Dusing, 605 Madison Avenue, Suite 2, Covington, Kentucky, 41011, for appellant

**PIPER, J.**

{¶1} Appellant, Jeffrey Ryan Anderson ("Husband"), appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, dividing property between himself and appellee, Lauren April Anderson ("Wife"), pursuant to the granting of their divorce.

{¶2} The parties were married in June 2007 and have three minor children from the marriage. Appellee filed for divorce on September 17, 2018. A final hearing occurred on June 14, 2019. On October 1, 2019, the trial court entered the final judgment and decree of divorce. Relevant to this appeal, the trial court found that Husband's employer granted him 241 restricted stock units in the company as part of his total compensation for his employment during the marriage. The trial court divided this amount equally between the parties, but because the stock had not vested at the time of the decree of divorce, the trial court ordered a constructive trust for Wife's benefit. Pursuant to the order, Husband must notify Wife when the stock vests pursuant to the employer's vesting schedule and then inquire how Wife wishes to exercise her portion of the stock.

{¶3} Husband now appeals the trial court's decision, raising one assignment of error for review.[1]

{¶4} THE TRIAL COURT ERRED IN DIVIDING ALL RESTRICTED STOCK UNITS.

{¶5} In his sole assignment of error, Husband raises two issues regarding the trial court's disposition of the 241 restricted stock units Husband's employer granted him. In his first issue, Husband contends that the restricted stock units should not be considered marital property because the stock did not vest during the marriage; instead the stock will vest, in nearly equal parts, over a four-year period after the decree of divorce. For his second issue, Husband argues that even if some of the restricted stock units constitute marital property the trial court abused its discretion dividing all of the restricted stock units equally. Husband asserts that because the restricted stock units have not vested, they are

---

1. Wife did not submit a merit brief in response to Husband's assignment of error. Pursuant to App.R. 18(C), "when an appellee fails to file a brief, this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *Whittington v. Whittington*, 12th Dist. Warren No. CA2011-06-065, 2012-Ohio-1682, ¶ 8.

not currently "owned" by Husband and therefore the whole amount should not have been divided between the two parties.

{¶6} In a divorce action, the division of property involves a two-step process by the trial court. *Binks v. Binks*, 12th Dist. Butler No. CA2018-02-023, 2019-Ohio-17, ¶ 8. First, the trial court must classify the parties' property as either marital or separate. *Ruble v. Ruble*, 12th Dist. Madison No. CA2010-09-019, 2011-Ohio-3350, ¶ 31, citing R.C. 3105.171(B). Marital property is defined, in part, as "[a]ll interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(ii). An appellate court reviews the trial court's classification of property pursuant to a manifest weight of the evidence standard. *McCarty v. McCarty*, 12th Dist. Warren Nos. CA2016-07-055 and CA2016-07-056, 2017-Ohio-5852, ¶ 10. As such, an appellate court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. *Binks* at ¶ 9. An appellate court will not reverse the trial court's classification of the property if there is competent, credible evidence to support the trial court's finding. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 11.

{¶7} Second, the trial court must divide the marital property between the parties. *Oliver v. Oliver*, 12th Dist. Butler No. CA2011-01-004, 2011-Ohio-6345, ¶ 6. The "starting point for a trial court's analysis is an equal division of marital assets." *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, ¶ 5, citing R.C. 3105.171(C). If the trial court determines that an equal division is not equitable, then the court must instead divide the property equitably. R.C. 3105.171(C)(1). The trial court has broad discretion to determine what

constitutes an equitable division, consequently, an appellate court reviews the division for an abuse of discretion. *Zollar v. Zollar*, 12th Dist. Butler No. CA2008-03-065, 2009-Ohio-1008, ¶ 11; accord *Neville* at ¶ 5. An abuse of discretion is more than an error of law or judgement, it is an attitude of the court that is unreasonable, arbitrary, and unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Husband cites two cases, *Demo v. Demo*, 101 Ohio App.3d 383 (12th Dist.1995) and *Chapman v. Chapman*, 6th Dist. Lucas No. L-10-1293, 2012-Ohio-126, to show that the restricted stock units should have been classified as separate property.[2] However, Husband's reliance on these cases is misplaced. In *Demo,* this court reviewed the trial court's decision that stock options granted to a spouse during the marriage constituted separate property. The trial court found that although the stock option was granted during the marriage, the spouse did not exercise the option during the marriage and would not exercise it with marital funds. *Demo* at 386. On appeal, this court agreed, and further found that the stock "award was based on job performance prior to the marriage." *Id.* at ¶ 387. Therefore, this court held that "[s]ince appellee *earned* the award prior to the marriage and there was no commingling with marital property [to later exercise the option], the trial court did not abuse its discretion in determining that the stock option was appellee's separate property." (Emphasis added.) *Id.* Similarly, in the other case cited by Husband, *Chapman*, the issue for the appellate court was whether the stock shares and stock options granted by a spouse's employer were marital property. The appellate court considered whether the stock shares and stock options constituted compensation for past or present service that occurred during the marriage or for future service that would occur

---

2. We note that the cases cited by Husband and the others cited by this opinion involve a different type of stock compensation from the one at issue in this case, that is a stock option versus a restricted stock unit. While there are technical differences between these types of stock awards and they have a different potential tax treatment, the differences are not relevant to the resolution of this case and will therefore not be addressed.

- 4 -

after the termination of the marriage. *Chapman* at ¶ 28. The appellate court affirmed the trial court's decision that the stock shares and stock options were marital property because "[c]lear and ample evidence was before the trial court demonstrating that the disputed stock shares and stock options all stemmed from past and present employment services at the time of final hearing and their award to appellant was not conditioned upon future employment services." *Id.* at ¶ 32. Both of these cases demonstrate that a court should consider the character of the stock benefit by determining whether the stock benefit was based on performance or service to the company during the marriage. *See also Peterson v. Peterson*, 12th Dist. Butler No. CA99-01-007, 1999 Ohio App. LEXIS 5121, *4-5 (Nov. 1, 1999) (stock option granted to spouse determined to be separate property because it was not based on performance during marriage but given as an incentive for future employment); *accord Banning v. Banning*, 2d Dist. Greene No. 95 CA 79, 1996 Ohio App. LEXIS 2693, at *21 (June 28, 1996) ("If the stock options were given for service performed during the marriage, they are considered marital property").

{¶9} Here, Husband testified that he began his employment with the company during the marriage. Initially, Husband was a contractor working for the company, but was offered direct employment in 2018. Wife submitted into evidence a document from the company that detailed Husband's total compensation for 2018 as part of his direct employment by the company. Specifically, Husband's compensation package included a base salary with a "merit" increase for the upcoming year, a bonus payment calculated by a certain target percentage and based on Husband's performance rating and the company's growth, and an "annual equity grant" which included the 241 restricted stock units. Wife also submitted a document that identified the grant date and vesting schedule for the restricted stock units. This document showed that the company granted the restricted stock units to Husband in February 2019 and that the stock units would vest in equal parts over

the next four years, beginning in February 2020 and continuing through February 2023. Conversely, Husband testified that he was not sure how the restricted stock units worked and presented no documentary evidence on the nature or purpose of the company's restricted stock unit plan.

{¶10}   After review of the record, there is competent, credible evidence that Husband was granted the restricted stock units in February 2019 as part of the company's compensation for his services in 2018.   "The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of evidence, to trace the asset to separate property."  *Bauer v. Bauer*, 12th Dist. Warren Nos. CA2019-04-033 and CA2019-04-040, 2020-Ohio-425, ¶ 24.  Generally, a restricted stock unit plan will have certain conditions, such as the employee's continued employment through the vesting dates, and the employee may forfeit unvested stock should the employee voluntarily or involuntarily separate from the company before that time.  However, as discussed above, Husband did not provide any evidence regarding the nature or conditions of the restricted stock unit plan.  Even, assuming arguendo, the restricted stock units are subject to some conditions and susceptible to forfeiture, it does not change the character of these restricted stock units because the evidence in the record establishes that the restricted stock units were granted to Husband by the company for his performance and service during the marriage.  Moreover, there is no evidence that the company granted the stock as a motivation for future performance or an incentive for continued employment.  Consequently, it was not against the manifest weight of the evidence for the trial court to determine that the restricted stock units constituted marital property.

{¶11}  Furthermore, *Daniel v. Daniel*, 139 Ohio St.3d 275, 2014-Ohio-1161, is instructive on the distinction between vested and unvested benefits. While the *Daniel* case dealt specifically with unvested military retirement benefits, it explained that R.C. 3105.171

- 6 -

does not distinguish between vested and unvested retirement benefits. *Id.* at ¶ 9. The supreme court observed that "it may be difficult to ascertain the value of benefits that have not yet vested and may never vest. But it does not follow that those future benefits have no value." *Id.* at ¶ 10. Therefore, the supreme court held that unvested military retirement benefits *earned* during the marriage constitute marital property subject to division on divorce. *Id.* at ¶ 17. Applying the framework of *Daniel* to the instant case, the unvested status of the restricted stock units does not otherwise deprive the asset of its character as marital property.

{¶12} We now turn to the second issue raised by Husband, the trial court's division of the restricted stock units. In reviewing the division of marital property, an appellate court considers the totality of the circumstances, viewing the trial court's disposition of the marital property as a whole. *Briganti v. Briganti*, 9 Ohio St.3d 220, 222 (1984). We find that Husband's argument against an equal division of the marital property is merely a reiteration of his argument that the trial court misclassified the restricted stock units as marital property. We have already determined that the trial court properly found that the restricted stock units constituted marital property. Husband has not shown how it was unreasonable, arbitrary, or unconscionable for the trial court to divide the restricted stock units equally between the parties when viewed in combination with the other marital property. Based on our review of the record, it was not an abuse of discretion for the trial court to divide the restricted stock units as it did.

{¶13} Accordingly, Husband's sole assignment of error is overruled.

{¶14} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.