[Cite as *Halton v. Halton*, 2024-Ohio-1165.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

JOCELYN O. HALTON,                    :

    Plaintiff-Appellant,            :

    v.                              :                    No. 113090

BEN HALTON,                           :

    Defendant-Appellee.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART; AND REMANDED

**RELEASED AND JOURNALIZED:** March 28, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-22-392116

---

### *Appearances:*

Cavitch Familo & Durkin, L.P.A., and Roger L. Kleinman,
*for appellant.*

James R. Tanner, Jr., *for appellee.*

SEAN C. GALLAGHER, J.:

**{¶ 1}** Plaintiff-appellant Jocelyn O. Halton appeals following a judgment entry of divorce. Upon review, we affirm in part, reverse in part, and remand the matter to the trial court with instructions.

**{¶ 2}** Jocelyn and defendant-appellee Ben Halton were married in 2005 and have two minor children. A complaint for divorce was filed in October 2022. The matter proceeded to trial on May 10, 2023.

**{¶ 3}** At the beginning of the trial, it was represented that the parties had resolved nearly all the issues in the case, but they had not reached a full agreement, with the primary asset in question being the marital home. It appears from the transcript that Jocelyn, who wished to retain the marital home, was willing to pay Ben $50,000, but the resources were not available to pay that amount outright as Ben wanted. Jocelyn's attorney stated that "[w]e are agreeable to either refinancing, or if we can't refinance, to selling the home once the youngest child graduates, which is in four [years]." Jocelyn's attorney also indicated there was a substantial amount of debt, and Jocelyn agreed to "absorb all of the debt that's in her name" as well as "the mortgages on the home." The record reflects Jocelyn's annual income was approximately three times Ben's annual income. Ben's attorney indicated that "we are prepared for the Court to determine equitable division of the marital assets."

**{¶ 4}** Because the parties were unable to come to a full agreement, the case proceeded with trial. The parties entered joint stipulations. They agreed on the

value of assets and the amount of debt, and they agreed to certain divisions. They agreed to a mutual waiver of spousal support and child support. The parties also had entered a shared parenting plan. Testimony and evidence were provided in the matter, which this court has reviewed.

{¶ 5} The trial court issued a judgment entry of divorce on July 17, 2023. The trial court determined that the termination date of the marriage was May 10, 2023. The trial court recognized that the parties submitted joint stipulations addressing various aspects of the property division.

{¶ 6} The trial court noted that the parties stipulated to the real property's then present value of $425,000 and that there was a total debt on the property of $259,792.99. The trial court observed that "due to [Jocelyn's] debt, in addition to current mortgage rates, [Jocelyn] would be unable to refinance the real property." Therefore, the trial court found "[Jocelyn] shall be allocated exclusive possession of the real property." The trial court required that "[Jocelyn] shall bear sole responsibility for all the debt on the real property," imposed several conditions, and indicated that "[i]f either party files a post-decree motion, the Court will consider ordering the property sold." The court further required that "[o]nce the minor children have graduated from high school — if the property has not already been sold — the real property shall be sold and any remaining proceeds after the satisfaction of the remaining debts shall be divided equally between the parties."

{¶ 7} The trial court ordered "any retirement assets earned during the marriage shall be divided equally between the Parties." The trial court found that

Jocelyn had a 401(k) from her employment and that Ben did not have any retirement assets.

{¶ 8} The trial court also divided the other property and debts acquired during the marriage. Regarding debts, the trial court found "[Jocelyn] has $287,671.37 consumer debt which includes credit card debt and student loan debt" and "the parties stipulated that [Jocelyn] shall retain this debt" and that "[Ben] shall retain his own debt" of approximately $9,118.09. The trial court set forth the division of vehicles, financial accounts, and personal property, all as agreed to by the parties. Consistent with the parties' stipulations, neither party was required to pay spousal support or child support to the other party. The trial court approved the parties' shared parenting plan. Other determinations were made by the trial court.

{¶ 9} Jocelyn timely filed this appeal from the trial court's judgment. She raises two assignments of error for our review.

{¶ 10} Under her first assignment of error, Jocelyn argues that "the trial court's decision that the division of assets and debts is 'equal' is an abuse of discretion and contrary to the weight of the evidence." Under her second assignment of error, appellant argues that "the trial court's decision granting [Ben] an interest in [Jocelyn's] post marital mortgage payments and improvements to the formal marital residence is error as a matter of law."

{¶ 11} "In any divorce action, the starting point for a trial court's analysis is an equal division of marital property." *Daniel v. Daniel*, 139 Ohio St.3d 275, 2014-Ohio-1161, 11 N.E.3d 1119, ¶ 7, citing R.C. 3105.171(C)(1); *Neville v. Neville*, 99 Ohio

St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, ¶ 5. Pursuant to R.C. 3105.171(C), it is only when an equal division of marital property would be inequitable that a trial court must instead divide it between the spouses in the manner that the court determines to be equitable with consideration of all relevant factors, including the factors set forth in R.C. 3105.171(F). "Since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion." *Neville* at ¶ 5.

{¶ 12} Initially, we recognize that the parties reached joint stipulations as to the division of nearly all assets and debts in this matter. Insofar as these divisions were made in accordance with the joint stipulations, we find no abuse of discretion by the trial court.

{¶ 13} The trial court divided the remaining assets and debts equally, which included an equal division of Jocelyn's 401(k) and an equal division involving the marital home. The record shows that at the time of trial, the parties stipulated that the marital home had a fair market value of $425,000 and that there was a total debt on the property of $259,792.99, leaving the then equity in the home at $165,207.01. The trial court ordered appellant to be responsible for all debt on the real property and allowed for satisfaction of the remaining debt from the eventual sale of home, and the court required the remaining proceeds to be divided equally. Upon our review, we find no abuse of discretion in the trial court's decision to divide these remaining assets and debts equally. However, we find the trial court abused its

decision by ordering an equal division to be determined at the time of the future sale of the marital home.

{¶ 14} We recognize that R.C. 3105.171(J)(1) permits the trial court to issue an order, if it deems it to be equitable, "granting a spouse the right to use the marital dwelling * * * for any reasonable period of time." In this case, the trial court did so for the benefit of the children and ordered the real property to be sold once the minor children graduate from high school, if not already sold. However, the trial court used the date of the future sale of the home as the date for dividing the remaining equity in the real property. As argued by appellant, the trial court effectively divided Jocelyn's post-marital property rights.

{¶ 15} "'As a general matter, a trial court should consistently apply the same set of dates when evaluating marital property that is subject to division and distribution in a divorce proceeding.'" *Owens v. Owens*, 1st Dist. Hamilton No. C-210488, 2022-Ohio-3450, ¶ 19, quoting *Kachmar v. Kachmar*, 7th Dist. Mahoning No. 08 MA 90, 2010-Ohio-1311, ¶ 47. Although circumstances may allow for a trial court to choose a different date, such as a de facto termination of marriage date, for valuation purposes, "'[t]he trial court abuses its discretion when it chooses a division date that occurs after the end of the marriage.'" *Id.*, quoting *Kachmar* at ¶ 47. "'This is so because '[t]he duration of the marriage is critical in distinguishing marital, separate, and post-separation assets and determining appropriate dates for valuation.'" *Kachmar*, quoting *Harris v. Harris*, 11th Dist. Ashtabula No. 2002-A-81, 2003-Ohio-5350, ¶ 10.

**{¶ 16}** Accordingly, we sustain the second assignment of error with respect to the use of a future date for determining the equal division of the remaining equity in the real property. On remand, the trial court is to enter a new order in accordance with this opinion that equally divides the $165,207.01 marital equity in the home that existed on May 10, 2023, which may be paid from the proceeds from the sale of the home. We are not otherwise persuaded by appellant's arguments.

**{¶ 17}** Judgment affirmed in part, reversed in part. Case remanded with instructions.

It is ordered that appellant and appellee share the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution. Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR